UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHERINE MUSLOW AND                         CIVIL ACTION
MEREDITH CUNNINGHAM

VERSUS                                       NO. 19-11793

BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL            SECTION M (2)
AND MECHANICAL COLLEGE, THOMAS
SKINNER, LARRY HOLLIER, AND JON
HARMAN

## ORDER & REASONS

Before the Court is a Rule 12(b)(6) motion to dismiss plaintiffs' second supplemental and

amended complaint, filed by defendant Carlton "Trey" Jones, III.[1]  Plaintiffs Katherine Muslow

and Meredith Cunningham (collectively, "Plaintiffs") oppose the motion.[2]  Jones replies in support

of his motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the

Court issues this Order & Reasons.

## I.     BACKGROUND

This case arises out of an employment dispute.  Plaintiffs were formerly employed by the

Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the

"LSU Board") as attorneys.  The LSU Board oversees and manages LSU institutions across

Louisiana, including its campuses in Baton Rouge ("LSU (Baton Rouge)") and the LSU Health

Sciences Center in New Orleans ("LSU (New Orleans)").[4]  Until January 2020, defendant Thomas

Skinner was Vice President of Legal Affairs and General Counsel at LSU (Baton Rouge).[5]

---

[1] R. Doc. 57.
[2] R. Doc. 69.
[3] R. Doc. 77.
[4] R. Doc. 50 at 2-3.
[5] *Id.* at 3.

Defendant Winston DeCuir is Skinner's successor.[6]  Jones is Deputy General Counsel at LSU (Baton Rouge).[7]  Defendant Larry Hollier is Chancellor, and defendant Jon Harman Vice Chancellor, Administration and Finance at LSU (New Orleans).[8]  Until mid-2019, Muslow was "General Counsel" to LSU (New Orleans) and reported directly to Hollier.[9]  Before her employment at LSU (New Orleans), she served as its outside counsel.  Likewise, until summer 2019, Cunningham was employed as a staff attorney at LSU (New Orleans) and reported to Muslow.[10]  Plaintiffs allege that defendants engaged in various acts of gender discrimination and retaliation, including the termination of their employment at LSU.[11]

When commencing their suit on July 22, 2019, Plaintiffs named as defendants the LSU Board, Skinner, Hollier, and Harman (the "Original Defendants").[12]  In response to a motion to dismiss filed by the Original Defendants,[13] Plaintiffs amended their complaint.[14]  On April 14, 2020, acting on the Original Defendants' partial motion to dismiss the amended complaint,[15] the Court granted Plaintiffs leave to further amend their complaint.[16]  On April 29, 2020, Plaintiffs filed a second supplemental and amended complaint, adding Jones and DeCuir as defendants.[17]

In the second amended complaint, which is now the operative complaint, Plaintiffs claim: (1) gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

---

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 5, 31.

[10] *Id.* at 5, 29.

[11] *See id.* at 5-36.  For a discussion of the pertinent facts as alleged in the first amended complaint, *see* R. Doc. 45 at 1-5.  However, in the second supplemental and amended complaint, Plaintiffs not only supplement the details of their previously-asserted factual allegations, but also add facts allegedly arising after suit was filed.  *See* R. Doc. 50 at 32-36.  For an updated discussion of the pertinent facts, *see* pages 1 to 9 of the Court's concurrently-issued Order & Reasons on the original defendants' partial motion to dismiss Plaintiffs' second supplemental and amended complaint (R. Doc. 56).

[12] R. Doc. 1.

[13] R. Doc. 13.

[14] R. Doc. 31.  Accordingly, the Court dismissed the first motion to dismiss as moot.  R. Doc. 32.

[15] R. Doc. 35.

[16] *See* R. Doc. 45 at 52-53.

[17] *See* R. Doc. 50.

§§ 2000e, *et seq.* ("Title VII"), against the LSU Board; (2) retaliation, in violation of Title VII, against the LSU Board; (3) gender discrimination, in violation of the Equal Pay Act, 29 U.S.C. §§ 201, *et seq.* ("EPA"), against the LSU Board, Hollier, Harman, and Skinner; (4) retaliation, in violation of the EPA, against the LSU Board, Hollier, Skinner, and Jones; (5) gender discrimination, in violation of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983, against Harman, Hollier, and Skinner; and (6) retaliation, in violation of the First Amendment to the U.S. Constitution, pursuant to § 1983, against Hollier and Skinner.[18]  As relief, Plaintiffs seek (1) a declaratory judgment that the acts and practices complained of are in violation of federal law; (2) a permanent injunction preventing defendants from engaging in any further unlawful conduct or practices; (3) prospective injunctive relief in the form of reinstatement to their former positions; (4) reinstatement to their former positions or front pay in lieu thereof; (5) lost wages, including back pay, front pay, and lost fringe benefits; (6) liquidated damages under the EPA; (7) compensatory damages; (8) punitive damages against Harman, Hollier, Skinner, and Jones in their individual capacities; (9) attorney's fees, expenses, and costs; (10) prejudgment and postjudgment interest; and (11) any other legal and equitable relief as the Court deems just and proper.[19]

## II.   PENDING MOTION

Jones begins his motion to dismiss by observing that in the second amended complaint, Plaintiffs state that their "claims against Jones are brought against him, for purposes of injunctive relief, in his official capacity."[20]  Jones notes that Plaintiffs added him only to their fourth cause of action, *i.e.*, retaliation under the EPA, which is also brought against the LSU Board, Hollier,

---

[18] *Id.* at 36-42.
[19] *Id.* at 42-43.
[20] R. Doc. 57-1 at 5 (quoting R. Doc. 50 at 4).

and Skinner.[21]  Jones argues that Plaintiffs have failed to state an EPA retaliation claim against

him because: (1) such a claim – as he sees it, asserted against him in his official capacity only – is

duplicative of the same claim brought against the LSU Board; and (2) injunctive relief – in his

view, the only type of relief sought against him – is not available to private litigants under the

EPA.[22]  Jones also argues that although in their prayer for relief, Plaintiffs seek "punitive damages

against Defendants Harman, Hollier, Skinner, and Jones in their individual capacities,"[23] Plaintiffs

have not asserted claims against him in his individual capacity nor have they requested punitive

damages as a remedy for their EPA retaliation claim, and regardless, punitive damages are not

available under the EPA.[24]  Therefore, Jones argues, all claims against him are subject to dismissal

with prejudice, and he should be dismissed from this suit, at Plaintiffs' costs.[25]

     In opposition, Plaintiffs assert that they have pleaded claims against Jones in his individual

and official capacities, arguing that the capacity in which a plaintiff sues a defendant need not be

explicitly pleaded.[26]  According to Plaintiffs, the language cited by Jones (*viz.*, that "Plaintiffs'

claims against Jones are brought against him, for purposes of injunctive relief, in his official

capacity") applies only to their official-capacity claims against him,[27] and, they say, they have

adequately pleaded an EPA retaliation claim against Jones in his individual capacity and § 1983

claims against him in his official capacity.[28]  Plaintiffs argue that Jones is subject to individual

liability under the EPA.[29]  Plaintiffs concede that punitive damages and injunctive relief are not

available to them under the EPA, and argue that their EPA retaliation claim against Jones is not

---

[21] *Id.*

[22] *Id.* at 6-10.

[23] *Id.* at 10 (quoting R. Doc. 50 at 42-43).

[24] *Id.* at 10-11.

[25] *Id.* at 11.

[26] R. Doc. 69 at 1-2.

[27] *Id.* at 5.

[28] *Id.* at 3, 5-6.

[29] *Id.* at 3-5.

duplicative of that against the LSU Board because they do not bring this claim against him in his official capacity.[30] They conclude by maintaining that they properly seek injunctive relief against Jones in his official capacity under § 1983.[31]

In reply, Jones emphasizes that there is no ambiguity in the second amended complaint's language specifying that he is sued in his official capacity.[32] He argues that Plaintiffs cannot amend their complaint to assert that he is sued in his individual capacity in an opposition memorandum to a motion to dismiss.[33] Jones argues that contrary to Plaintiffs' depiction, there are no § 1983 claims asserted against him in the second amended complaint, nor does it contain sufficient allegations to support a § 1983 official-capacity claim against him.[34] Because Plaintiffs acknowledge that the EPA does not provide for the imposition of punitive damages, and the second amended complaint reflects no other type of claim against him, Jones argues that Plaintiffs do not refute that dismissal of their punitive damages claim against him is warranted.[35]

## III.   LAW & ANALYSIS

### A.  Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"

---

[30] *Id.* at 5.
[31] *Id.* at 5-6.
[32] R. Doc. 77 at 1-4.
[33] *Id.* at 4-7.
[34] *Id.* at 7-9.
[35] *Id.* at 9-10.

*Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-57).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Thus, if the facts pleaded in the complaint "do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*.  The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.  However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "[The] task, then, is to determine whether

6

the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (internal quotation marks and citation omitted)).  Motions to dismiss are disfavored and rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).  A court may also take judicial notice of certain matters, including public records and government websites.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2007); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).  Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

**B. Analysis**

Jones and Plaintiffs' debate centers primarily around the second amended complaint's language describing the parties, wherein Plaintiffs state that their "claims against Jones are brought

against him, for purposes of injunctive relief, in his official capacity."[36]   According to Jones, because Plaintiffs have asserted only an EPA retaliation claim against him, and he is sued only in his official capacity (which is duplicative of the same claim asserted against the LSU Board), and because the only form of relief sought against him is injunctive (which is unavailable to Plaintiffs under the EPA), Plaintiffs have failed to state a claim against him.  Plaintiffs respond that that their EPA retaliation claim against Jones is not asserted in his official capacity,[37] nor do they seek injunctive relief under the EPA;[38] instead, they argue, this claim is asserted against Jones in his individual capacity, and he is subject to individual liability under the EPA.  Plaintiffs explain that they sue Jones in his official capacity for purposes of injunctive relief under § 1983.

On the one hand, Plaintiffs cannot ignore that they expressly state that they sue Jones "in his official capacity," and do not state that they do so *only* for purposes of injunctive relief.[39]  At the very least, there exists some ambiguity regarding the capacity in which Jones is sued, and the relief which is sought against him, particularly because the second amended complaint also includes language that Plaintiffs seek punitive damages from Jones "in [his] individual capacit[y]."[40]  Nor can Plaintiffs ignore that the second amended complaint contains no clear indication that they assert § 1983 claims against Jones.  On the other hand, Jones (who is represented by the same counsel as the Original Defendants) cannot ignore that Plaintiffs must

---

[36] R. Doc. 50 at 4.

[37] To the extent that Plaintiffs did sue Jones in his official capacity for retaliation under the EPA, which they state they do not, the Court dismisses such a claim.

[38] To the extent that Plaintiffs did seek injunctive relief against Jones under the EPA, which they acknowledge is unavailable, just as they do as to punitive damages, the Court dismisses any claim for injunctive relief or punitive damages against Jones under the EPA.

[39] This is especially so because when describing Skinner and Hollier, Plaintiffs specify that that the official-capacity designation attached to them applies only for purposes of injunctive relief, and that they assert claims against them in their individual capacity as well.  R. Doc. 50 at 3-4 ("Plaintiffs' claims against Skinner are brought against him in *his individual capacity and*, for purposes of injunctive relief *only*, in his official capacity. … Plaintiffs' claims against Hollier are brought against him in *his individual capacity and*, for purposes of injunctive relief *only*, in his official capacity.") (emphasis added).  Plaintiffs also state that their claims "against Harman are brought against him in his individual capacity," specifically omitting any official-capacity designation.  *Id.* at 4.

[40] R. Doc. 50 at 43.  And unlike with DeCuir, Plaintiffs do not state that Jones "is named *only* in his official capacity and *only* for purposes of injunctive relief."  R. Doc. 50 at 4 (emphasis added).

8

have added Jones to the complaint, as Plaintiffs assert, "in light of [the Original] Defendants'

previous contention that [Jones] 'is the individual responsible for supervising Muslow and

Cunningham and attorneys at the other LSU campuses' and therefore the [Original] Defendants

did not have the authority *to reinstate* Plaintiffs' employment."[41]  Plaintiffs do seek reinstatement

as relief for their § 1983 claims.[42]  Because this is the first iteration of the complaint in which Jones

is named as a defendant, the Court finds it best to permit Plaintiffs one more opportunity to amend

the complaint insofar as it concerns him, rather than dismissing a claim – much less *with prejudice*

– based on ambiguous and inartful pleading.[43]

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Jones's motion to dismiss (R. Doc. 57) is GRANTED IN PART and

DENIED IN PART.  Any claim against Jones in his official capacity for retaliation under the EPA

is dismissed with prejudice as is any claim against Jones under the EPA for injunctive relief or

punitive damages.  Plaintiffs have fourteen (14) days from the date of this Order & Reasons to

seek leave of court to file a third amended complaint curing the deficiencies in the second amended

complaint addressed herein.  If Plaintiffs fail to cure the pleading deficiencies in the allotted time,

Jones's motion to dismiss (R. Doc. 57) will be GRANTED in whole.

---

[41] R. Doc. 69 at 5 (quoting R. Doc. 35 at 6-7) (emphasis added).

[42] *See* R. Doc. 50 at 40, 42.  Plaintiffs also seek reinstatement as relief for their Title VII claims, and Plaintiffs state that, for the sake of clarity, they would have "no objection to seeking leave" to amend the complaint in order to "plac[e] Jones' name under each specific action."  R. Doc. 69 at 3 n.3.  But the Title VII claims are clearly asserted against the LSU Board only, *see* R. Doc. 50 at 36-37, which makes sense, because individual supervisor liability is unavailable under Title VII.  *See Seal v. Gateway Cos.*, 2001 WL 1018362, at *2 (E.D. La. Sept. 4. 2001) (explaining that precedent supports the contention that there is no individual supervisor liability under Title VII) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994), and *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258 (5th Cir. 1999)).  Accordingly, Plaintiffs have not asserted, and may not assert, a Title VII claim against Jones.

[43] Rule 15 allows a court to grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Fifth Circuit has recognized that "[i]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of the pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002).

New Orleans, Louisiana, this 4th day of August, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE