UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHERINE MUSLOW AND MEREDITH CUNNINGHAM | CIVIL ACTION |
| VERSUS | NO. 19-11793 |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, THOMAS SKINNER, LARRY HOLLIER, AND JON HARMAN | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion for reconsideration filed by plaintiffs Katherine Muslow and Meredith Cunningham (collectively, "Plaintiffs").[1] Plaintiffs seek reconsideration of dismissal of their claims seeking injunctive and declaratory relief in the Court's April 14, 2020 Order & Reasons (the "O&R").[2] Defendants Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("the LSU Board"), Thomas Skinner, Larry Hollier, and Jon Harman (collectively, "Defendants") oppose the motion.[3] Plaintiffs reply in support of the motion.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court clarifies its prior ruling.

I.  BACKGROUND

This case arises out of an employment dispute involving Plaintiffs, former in-house counsel at the LSU Health Sciences Center in New Orleans ("LSU (New Orleans)"), and the LSU Board, their former employer. The pertinent facts and procedural history of this case were fully recited

---

[1] R. Doc. 62.
[2] R. Doc. 45.
[3] R. Doc. 68.
[4] R. Doc. 80.

in the O&R,[5] and will not be restated herein.

In the O&R, the Court dismissed Plaintiffs' requests for a permanent injunction and declaratory judgment for lack of standing because they are no longer employed with the LSU Board, and hence there exists no continuing harm or threat of future injury.[6] Plaintiffs now argue that because they seek reinstatement, which the Court did not dismiss as an available remedy, permanent injunctive and declaratory relief should be available to them to prevent any further discriminatory or retaliatory actions upon reinstatement.[7] Defendants reiterate that a permanent injunction and declaratory judgment cannot be sought for alleged past acts, and that Plaintiffs are improperly rehashing old arguments.[8]

## II. LAW & ANALYSIS

### A. Reconsideration Standard

Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Unlike motions to alter or amend a judgment under Rule 59(e), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting 'the inherent

---

[5] R. Doc. 45 at 1-6.
[6] *Id.* at 25-26.
[7] R. Docs. 62-1 at 3-8, 10-11; 80 at 4-5.
[8] R. Doc. 68 at 18-24.

power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)) (internal citations and quotations omitted). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993) ("if the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] … the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("although a district court *may* revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis in original; alterations, internal quotation marks, and citation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019).

### B. Analysis

In the O&R, the Court explained that Plaintiffs are precluded from seeking injunctive and declaratory relief for lack of standing because they allege only past acts and practices and do not allege "either continuing harm or a real and immediate threat of repeated injury in the future."[9] But this equitable relief remains available if reinstatement is granted. To the extent this was unclear in the O&R, the Court now clarifies that because Plaintiffs seek reinstatement, they have standing to seek a permanent injunction and declaratory judgment, though such relief may only be granted if coupled with reinstatement. *See Tolton v. Day*, 2020 WL 2542129, at *37-38 (D.D.C. May 19, 2020) ("[N]umerous decisions … have recognized that, 'where a plaintiff seeks

---

[9] R. Doc. 45 at 25-26 (citation omitted).

reinstatement with a former employer[,] the former employee does have standing to seek prospective relief.' ... Here, Plaintiffs seek reinstatement ... and that request for relief is both legally cognizable and sufficient to reject [Defendant's] motion for judgment on the pleadings on their injunctive claims.") (quoting *Kassman v. KPMG LLP*, 925 F. Supp. 2d 454, 466 (S.D.N.Y. 2013)) (alterations omitted); *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579, 589 (S.D.N.Y. 2017) ("The Court ... joins the chorus of opinions in this district that hold that a former employee seeking reinstatement has standing to seek injunctive and declaratory relief."); *McGinness v. Nazareth Borough*, 2015 WL 1511051, at *3 (E.D. Pa. Apr. 2, 2015) (denying the defendants' motion to dismiss the plaintiff's request for declaratory relief where the plaintiff requested reinstatement making the "injuries alleged ... subject to repetition"); *Levin v. Madigan*, 697 F. Supp. 2d 958, 975 (N.D. Ill. 2010) ("If Plaintiff's employment is reinstated, he may indeed be subject to the same allegedly discriminatory policy that he challenges in this lawsuit. To the extent that Plaintiff seeks an injunction requiring Defendants to cease engaging in sex or age discrimination, such relief *would* remedy a harm that Plaintiff is likely to suffer again.") (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)) (emphasis in original).

 Previously, the Court did not address Defendants' argument that even if Plaintiffs' request for declaratory judgment is not dismissed for lack of standing, it should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it is duplicative of Plaintiffs' substantive legal claims and hence superfluous, adding nothing to the suit.[10] Because Plaintiffs' request for declaratory judgment remains available, albeit only to the extent that reinstatement remains available, *i.e.*, as *prospective* relief, the request for declaratory judgment is distinct from claims for compensatory damages and it is not obvious at this stage that resolution of Plaintiffs'

---

[10] R. Doc. 35-1 at 10-11.

substantive legal claims would render declaratory relief superfluous. *See Robinson v. Hunt Cty.*, 921 F.3d 440, 450-51 (5th Cir. 2019) (explaining that the plaintiff's request for a declaratory judgment as a remedy for her constitutional claims is not duplicative of her claims for damages because "[t]his request for prospective relief appears distinct from her claim for monetary damages").[11]

Thus, Plaintiffs may seek injunctive and declaratory relief, but only as prospective relief accompanying reinstatement.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion for reconsideration (R. Doc. 62) is GRANTED IN PART and DENIED IN PART.

New Orleans, Louisiana, this 4th day of August, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[11] Indeed, Defendants themselves argued that *Robinson* was not applicable here because "the *Robinson* plaintiff sought *prospective* declaratory relief for an ongoing constitutional violation." R. Doc. 43 at 5 (emphasis in original).