UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHERINE MUSLOW, *et al.* | CIVIL ACTION |
| VERSUS | NO. 19-11793 |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, *et al.* | SECTION M (2) |

### ORDER & REASONS

Before the Court is a motion by defendants the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Carlton "Trey" Jones, III (collectively, "Defendants") to strike plaintiffs' preliminary expert report, and exclude at trial the testimony, of Caren Goldberg, Ph.D.[1] Plaintiffs Katherine Muslow and Meredith Cunningham (collectively, "Plaintiffs") respond in opposition,[2] and Defendants reply in further support of their motion.[3]

Defendants argue that the entirety of Goldberg's opinions and testimony should be excluded because Plaintiffs provided her with 44 pages of documents that Plaintiffs improperly obtained outside the confines of the discovery and public-records request processes – the very same documents this Court had previously ordered Plaintiffs to return to Defendants and forbidden Plaintiffs from using in this litigation.[4] In opposition, Plaintiffs argue that the Court has already sanctioned them for using the documents, and that they have since obtained said documents through proper channels.[5] Plaintiffs contend that it would be unjust to effectively sanction them

---

[1] R. Doc. 189.
[2] R. Doc. 210.
[3] R. Doc. 226.
[4] R. Docs. 189-1; 226 (citing R. Docs. 45; 83).
[5] R. Doc. 210.

twice by striking Goldberg, "their sole liability expert," especially considering that Goldberg did not particularly rely on the documents in forming her opinions.[6]

The Court has considered the parties' arguments and, while it is troubled by Plaintiffs past behavior concerning the subject documents, it finds that striking Goldberg's report and testimony is unwarranted.  The 44 pages were but a small portion of all the information Plaintiffs provided to Goldberg to consider in forming her opinions, and Goldberg has since deleted them from her computers and states in her declaration that they did not play an integral role in forming her opinions.[7]  Moreover, Plaintiffs have now obtained the same 44 pages of documents through proper channels.  As such, the Court will not strike Goldberg.  However, she will not be permitted to use or refer to the improperly obtained documents although she may use or refer to the same documents if subsequently obtained through the proper channels.  Presumably, though, she will not need to do so because, as she now attests, they did not influence her opinions.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' motion to strike Goldberg (R. Doc. 189) is DENIED

New Orleans, Louisiana, this 25th day of May, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[6] *Id.*

[7] R. Doc. 210-1.  Goldberg was provided thousands of pages of documents in addition to the 44 pages upon which this motion turns.  *See* R. Doc. 189-2 at 25.