UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHERINE MUSLOW, *et al.*　　　　　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　　　NO. 19-11793

BOARD OF SUPERVISORS OF　　　　　　　　　　　SECTION M (2)
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE, *et al.*

## ORDER & REASONS

　　　Before the Court is a motion by defendants the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") and Carlton "Trey" Jones, III (collectively, "Defendants") to strike the addendum to Elizabeth Martina's expert report that addresses plaintiff Meredith Cunningham's likelihood of finding a job similar to the one she had at LSU.[1]  Plaintiffs Katherine Muslow and Meredith Cunningham (collectively, "Plaintiffs") respond in opposition.[2]

　　　On December 9, 2020, this Court issued a scheduling order that set April 12, 2021, as Plaintiffs' expert disclosure deadline.[3]  The scheduling order warned that:

> The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.[4]

On the morning of April 12, 2021, Plaintiffs' counsel emailed Defendants' counsel to let her know that Plaintiffs would be producing three expert reports and to request a five-day extension on their

---

[1] R. Doc. 214.
[2] R. Doc. 229.
[3] R. Doc. 111 at 3.
[4] *Id.*

economist's report.[5]  Defendants did not consent to the extension, so Plaintiffs produced all three reports later that day, including Martina's initial report as Plaintiffs' vocational expert.[6]  Martina's April 12, 2021 report addressed Cunningham's claims and concluded that Cunningham's annualized salary was lower than those of comparator colleagues.[7]  It also reviewed Cunningham's work history, relating that Cunningham was concerned that she would not be able to find future employment because she was terminated from LSU, and that she "was concerned about finding alternative employment that would utilize her skills and allow for the work environment for which she was accustomed."[8]

Fifteen days later, on April 27, 2021, Plaintiffs' counsel sent Martina's addendum to Defendants' counsel.  In the addendum, Martina states that she spoke with Cunningham on April 22, 2021, and opines that it is unlikely that Cunningham would be able to find employment equivalent to the position she held at LSU in terms of time, benefits, and salary because it was a unique position that is not comparable to most other legal positions in the area.[9]  Plaintiffs' counsel offered no explanation as to why Martina could not include this opinion in her original report.[10]  Defendants responded by advising Plaintiffs of their objection to the tardy addendum[11] and then filing the instant motion to strike Martina's addendum as an untimely expert report, in contrast to a legitimate supplemental report, because it provided a new opinion that could have been included in the original report.[12]  In opposition, Plaintiffs argue that Martina's addendum is a permissible

---

[5] R. Doc. 214-2 at 10.
[6] *Id.* at 6-7.
[7] *Id.* at 21-25.
[8] *Id.* at 23.
[9] *Id.* at 2.
[10] *Id.* at 1.
[11] *Id.* at 4.
[12] R. Doc. 214.

2

supplement, Defendants are not prejudiced because their expert disclosure deadline has not passed, and Plaintiffs would be prejudiced if Martina's addendum is excluded.[13]

Rule 26(e) of the Federal Rules of Civil Procedure requires parties to supplement previous expert disclosures if the party learns that, in some material way, the disclosure is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known. Fed. R. Civ. P. 26(e)(1)(A); *Grant v. CRST Expedited, Inc.*, 2021 WL 1151560, at *5 (E.D. Tex. Jan. 28, 2021). This rule is designed "to prevent a party from being prejudicially surprised by information presented at trial." *Grant*, 2021 WL 1151560, at *5. Although supplementation is permitted, "additions or changes to information in expert reports must be disclosed by the time" specified in the scheduling order; supplementation is not intended to provide an extension of such deadlines. *Id.* (collecting cases). Thus, a court must determine whether an addendum to an expert report "includes impermissible new opinions or, rather, appropriate supplemental ones." *Id.* at *6. To that end, courts "distinguish 'true supplementation' (*e.g.*, correcting inadvertent errors or omissions) from gamesmanship and have repeatedly rejected attempts by parties to bolster their position by 'supplementing' an expert report with a 'new and improved' expert report." *Id.* (quotation and alteration omitted). Indeed, "supplemental disclosures are only permissible as a means of 'correcting inaccuracies or filling in the interstices of an incomplete report based on information *that was not available at the time of the initial disclosure*." *Kumar v. Frisco Indep. Sch. Dist.*, 476 F. Supp. 3d 439, 469 (E.D. Tex. 2020) (quoting *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012)) (emphasis in original; alteration omitted).

Here, Martina's addendum is not a true supplementation, but rather an impermissible new opinion, filling a hole in, and hence bolstering, her original expert report. Martina's original report

---

[13] R. Doc. 229.

contained no opinion concerning Cunningham's future employability. It is not enough that the original report, in reciting Cunningham's work history, made reference to the concerns she expressed in this regard. To be sure, in the face of this information, the absence of an opinion on future employment in Martina's original report could have led Defendants to conclude she was not offering any such opinion, and confirms that the opinion on future employment in the addendum was completely new and not a true supplementation. Plaintiffs offer no explanation of why Martina could not have included the addendum's opinion in her original report. Indeed, she had the ability to speak with Cunningham at any time to obtain all information needed to produce a timely expert report so the post-deadline conversation cannot satisfy the criteria for new or updated information. Regardless, the reference in the original report to Cunningham's express concerns about future employment demonstrate that the information was not unavailable before the deadline. Even if Defendants currently have the ability and time to respond to Martina's addendum, deadlines are important and must be enforced. Plaintiffs are not permitted to ignore them to supply an expert opinion that could have been timely provided.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' motion to strike the addendum to Martina's report (R. Doc. 214) is GRANTED, and Martina will be prohibited from testifying at trial as to the contents of the addendum.

New Orleans, Louisiana, this 27th day of May, 2021.

                                                BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE