UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHERINE MUSLOW, *et al.*                              CIVIL ACTION

VERSUS                                                 NO. 19-11793

BOARD OF SUPERVISORS OF                                SECTION M (2)
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE, *et al.*

## ORDER & REASONS

Before the Court is the motion of plaintiffs Katherine Muslow and Meredith Cunningham (together, "Plaintiffs") to continue the discovery deadline.[1]  Defendants Carlton "Trey" Jones, III, and the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College submit an opposition to the motion,[2] which Larry Hollier,[3] Thomas Skinner,[4] and John Harman[5] (collectively, "Defendants") adopt.  Plaintiffs submit a supplemental memorandum in further support of their motion.[6]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

This case arises out of an employment dispute.  Plaintiffs were formerly employed by the LSU Board as attorneys.  On May 12, 2021, this Court granted leave for Plaintiffs' former counsel, Chip Wagar, to withdraw from the case.[7]  In his motion, Wagar represented to the Court that his withdrawal would "not unduly delay these proceedings nor prejudice any of the parties."[8]

---

[1] R. Doc. 246.
[2] R. Doc. 257.
[3] R. Doc. 258.
[4] R. Doc. 259.
[5] R. Doc. 260.
[6] R. Doc. 262.  In their memorandum, they also request an extension of the witness and exhibit list deadline. *Id.* at 2.
[7] R. Doc. 209.
[8] R. Doc. 206.

Nevertheless, Plaintiffs asserted that they were prejudiced by Wagar's withdrawal because Wagar was retained as trial counsel.[9]  To respond to Defendants' point that Kyle Schonekas was designated trial counsel, Plaintiffs stated that "Kyle Schonekas has not been involved in the discovery phase after the filing of responsive pleadings."[10]  On May 19, 2021, at Plaintiffs' urging, this Court found that there was good cause to amend the scheduling order "to allow Plaintiffs a brief but reasonable period of time to retain additional counsel to fully represent their claims in certain pretrial matters and at trial."[11]  Trial was continued, but the discovery deadline of July 9, 2021, remained in place.[12]

Thereafter, on June 11, 2021, Schonekas filed his motion to withdraw,[13] which this Court granted.[14]  Schonekas also represented in his motion that "the requested withdrawal will not delay these proceedings nor prejudice any of the parties."[15]  Then, on June 21, 2021, this Court granted the consent motion to extend the deposition deadline for all parties.[16]  While the deposition deadline was extended, the discovery deadline otherwise remained July 9, 2021.

In the present motion, Plaintiffs seek a continuance of the discovery deadline to retain counsel as they now claim they are prejudiced by Schonekas's withdrawal.[17]  Because Peter Koeppel, one of Plaintiffs' current counsel, is still recovering from surgery, they assert that they "are effectively without counsel."[18]  Plaintiffs state that they "have been hard pressed to engage new counsel since the withdrawal of Plaintiffs' former trial counsel due to the discovery deadline

---

[9] R. Doc. 208-1 at 1.
[10] *Id.*  Schonekas was identified as "T.A.," *i.e.*, trial attorney, in Plaintiffs' papers.  R. Doc. 223 at 2 n.15.
[11] *Id.* at 3.
[12] *Id.* at 3-4.
[13] R. Doc. 240.
[14] R. Doc. 241.
[15] R. Doc. 240 at 1.
[16] R. Doc. 248.
[17] R. Doc. 246-1 at 2-3.
[18] *Id.* at 2.

…, the age of the case, and the voluminous documents that have been produced by Defendants to date."[19]  They argue that even if they could retain new counsel it will be difficult for the newly retained counsel to "come up to speed" before the deadline.[20]

In opposition, Defendants argue that the continuances "would amount to a prejudicial do-over and an unnecessary prolonging of the voluminous discovery that has already occurred in this litigation."[21]  Defendants assert that Plaintiffs cannot be prejudiced by the withdrawal of Schonekas as they recently represented to the Court that he was playing no active role in the case and have not provided any proof that he has participated in this case since its inception two years ago.[22]

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."  Good cause "requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension."  *Garza v. Webb Cty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  Plaintiffs have not demonstrated good cause to modify the scheduling order.  Plaintiffs represented that Schonekas played a minimal (and, more recently, no) role in this litigation.  They cannot now represent that they are prejudiced from his withdrawal from the case.  "At some point, discovery must end. … Otherwise, the case management process is rendered meaningless."  *Hughes v. Boston Sci. Corp.*, 2009 WL 3031680, at *2 (S.D. Miss. Sept. 17, 2009); *see also Finalrod IP, LLC v. John Crane, Inc.*, 2019 WL 2563840, at *3 (W.D. Tex. Mar. 22, 2019) ("At some point, the parties must set aside their suspicions and discovery must end."); *Rocha v. Metro. Life Ins. Co.*, 2006 WL 8434159,

---

[19] R. Doc. 262 at 1.
[20] *Id.*
[21] R. Doc. 257 at 1-2.
[22] *Id.* at 13-14.

at *2 (W.D. Tex. Oct. 13, 2006) ("And, in any event, at some point in a litigation, discovery must end so the litigation may progress to completion.").  Because Plaintiffs have not demonstrated that there is good cause to modify the scheduling order and they continue to be represented by able counsel of record, the motion is denied.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion of plaintiffs Katherine Muslow and Meredith Cunningham to continue the discovery deadline (R. Doc. 246) is DENIED.

IT IS FURTHER ORDERED that the request to extend the witness and exhibit list deadline (R. Doc. 262) is DENIED.

New Orleans, Louisiana, this 25th day of June, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE