UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| KATHERINE MUSLOW, ET AL. | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 19-11793 |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ET AL. | *<br><br>* | SECTION "M" (2) |

## ORDER AND REASONS

Before me is a Motion to Compel Disclosure of Personnel Records of Meredith Cunningham filed by Defendants Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Carlton "Trey" Jones III (together, "Defendants"). ECF No. 243. Plaintiff Meredith Cunningham filed a timely Opposition Memorandum. ECF No. 276. Defendants requested leave and filed a Reply Memorandum. ECF Nos. 278–80.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.   **BACKGROUND**

The background of this matter is more fully set forth in prior rulings. Briefly, Plaintiffs Katherine Muslow and Meredith Cunningham formerly worked for LSU as "General Counsel" to LSU (New Orleans) and a staff attorney at LSU (New Orleans), respectively. As to movants, Plaintiffs assert claims of gender discrimination and retaliation under both Title VII and the Equal Pay Act against LSU and a claim for retaliation under the Equal Pay Act against Defendant Jones in his individual capacity. ECF No. 99, at 12–14. The December 9, 2020 Scheduling Order established, among other things, a July 9, 2021 discovery deadline. ECF No. 111, at 4. The Court

1

issued a joint Protective Order to govern disclosure of documents and other information produced in this case and deemed confidential by the producing party. ECF No. 122.

In discovery, Defendants requested that Plaintiffs sign various releases, including releases to authorize their former employers to produce their personnel files and authorizations for medical providers to provide medical records. ECF No. 143, at 11–13. This Court granted in part and denied in part the Motion to Compel. ECF No. 170. Citing Fifth Circuit precedent, this Court held that Rule 34, along with Rule 37, empower federal courts to compel parties to sign written authorizations consenting to the production of various documents.[1] In response to Plaintiffs' objection to signing authorizations for personnel and medical records, I determined that such records fall within the relevancy standard of Rule 26(b).[2] ECF No. 170, at 15–16. I ordered Plaintiffs to execute the authorization for employment records. However, the medical authorizations were overly broad insofar as they were not restricted in time and thus conceivably would require disclosure of Plaintiffs' medical records for their entire lives. For that reason, I narrowed the time period for medical records to a five-year period (i.e., 2017 to present). *Id.* at 16.

On May 11, 2021, Defendants sent the signed authorization for employment records to Cunningham's former employer, Barrasso Usdin Kupperman Freeman & Sarver, LLC ("Barrasso Usdin"), where she worked from 2003-2013. ECF No. 243-1, at 3. Defendants filed this Motion to Compel against Barrasso Usdin after it produced Cunningham's personnel file consisting of 29

---

[1] *Allen v. Indian Harbor Marine, Inc.*, No. 96-3135, 1997 WL 666210, at *1–2 (E.D. La. Oct. 24, 1997) (citing *Lischka v. Tidewater Servs., Inc.*, No. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997) (Vance, J.); *Smith v. Maryland Cas. Co.*, 42 F.R.D. 587, 589 (E.D. La. 1967) (Rubin, J.)).

[2] *Tanner v. BD LaPlace, LLC*, No. 17-5141, 2018 WL 3528023, at *2–3 (E.D. La. July 23, 2018) (affirming order compelling disclosure of plaintiff's medical records in discrimination suit where plaintiff sought damages based on his emotional distress); *Cheek v. Barnes & Noble Booksellers, Inc.*, No. 06-10739-MLCF, 2008 WL 717710, at *1 (E.D. La. Mar. 17, 2008) (holding in employment discrimination where plaintiff seeking damages including emotional distress, he places his medical condition at issue even if he has not sought medical treatment for the alleged emotional distress); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005) (citing cases and noting that courts regularly find medical records relevant to claims of mental anguish in discrimination cases as well as defenses against such claims).

pages, 15 of which related to 401k enrollment data and 5 pages reflected bank employment verifications. *Id.* at 3–4. Defendants objected to the production as insufficient on the basis that the production excluded typical personnel file documents, such as a resume, employment application, offer letter(s), performance appraisals, evaluations or assessments, documents showing transition from associate to partner, documents related to any leaves of absences, resignation documents or payroll-related documents. *Id.* at 4; *see also* ECF No. 243-2, at 10–11. In response, Barrasso Usdin explained that it produced what the firm maintained as Cunningham's personnel file; it noted that it did maintain a separate medical file (approximately 130 pages), but it did not believe the medical file fell within the signed release authorization. ECF No. 243-2, at 9; ECF No. 243-1, at 8–9. In its Reply, Defendants highlight that it cannot be known whether the 130 additional pages all consist of HIPAA medical records, or contain any non-HIPAA records, as Craig Isenberg, Managing partner at Barrasso Usdin, admitted during discovery conference he had not reviewed the documents. ECF No. 278-1, at 4. Thus, Defendants argue that the Court cannot accurately determine what is in these files. *Id.*

Plaintiff's counsel notified Barrasso Usdin that the medical records were not within the authorization, and in light of the conflicting demands, Barrasso Usdin indicated it would not release additional records without a court order. ECF No. 243-1, at 7–8. The firm also agreed to review other records to confirm that it had no additional responsive documents, such as resumes, resignation letters or similar documents. *Id.* at 9; *see also id*. at 7 (noting the Firm had not confirmed that no documents had been removed from the personnel file).

Plaintiff objects to the production of her medical file on the basis that this Court has already determined that production of medical records should be restricted to the 5-year period preceding

3

this suit. ECF No. 276, at 2–4. Plaintiff contends that her private medical records for the 2003-2013 period are not only irrelevant but disproportional to the needs of this case. *Id.* at 4–5.

## II.    SCOPE OF DISCOVERY

Rule 26(b)(1) provides, in pertinent part: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This broad duty of disclosure extends to all documents that fit the definition of relevance for the purposes of discovery—whether the documents are good, bad, or indifferent.[3] The disclosure duty is a central concept of the discovery process and finds expression not only in the rules of discovery, but also in this Court's Rules of Professional Conduct, which prohibit an attorney from suppressing any evidence subject to a legal obligation to reveal or produce.[4]

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[5] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial.[6] Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[7] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the

---

[3] *Yelton v. PHI, Inc.*, 279 F.R.D. 377, 384 (E.D. La. 2011), *objections overruled*, 284 F.R.D. 374 (E.D. La. 2012) (citation omitted).
[4] *Id.*
[5] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[6] *Id.* n.5 (citation omitted).
[7] *Id.*

case."[8]  Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[9]  If relevance is in doubt, the court should be permissive in allowing discovery.[10]

A party seeking discovery must comply with Rule 26(b)(1)'s proportionality limits on discovery requests and is subject to Rule 26(g)(1)(B)'s requirement to certify that the discovery request is "(i) consistent with these rules . . . ; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g)(1)(B).  If a party resists discovery on the grounds of proportionality, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[11]  Further, objections must state whether any responsive materials are being withheld on the basis of that objection.[12]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[13] discovery does have "'ultimate and necessary

---

[8] *Id.* at 590 (citations omitted).
[9] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[10] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).
[11] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).
[12] *See* Fed. R. Civ. P. 34(b)(2)(C); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (stating response must affirmatively explain whether any responsive documents have been withheld) (citation omitted).
[13] *Herbert v. Lando*, 441 U.S. 153, 176 (1979) (citations omitted).

boundaries.'"[14]  Rule 26(b)(2)(C) *mandates* that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[15]  Further, Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[16]  While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[17]

### III.    ANALYSIS

The Americans with Disabilities Act ("ADA") requires employers to treat any medical information obtained from an employee as a confidential medical record and to maintain such information in a separate medical file on separate forms.  42 U.S.C. §§ 12112(d)(3)(B), (4)(C); 29 C.F.R. § 1630.14(b)(1).  The Personnel Records Authorization prepared by Defendants identified "personnel records" including but not limited to "all applications for employment, dates of service, pay raises, salary, benefits, days absent/tardy, and reasons therefor, date of termination, reasons therefor, any correspondence."  ECF No. 143-2, at 29.  The Authorization does not specifically identify the ADA-required separate medical file maintained by the employer.

Given that the employment records authorization did not mention any medical records held by Plaintiff's former employer, the issue of medical records held by an employer was not addressed

---

[14] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[15] Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).
[16] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).
[17] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also Crosby*, 647 F.3d at 264; *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, No. 18-13556, 2020 WL 1046336, at *3 (E.D. La. Mar. 4, 2020).

in my prior Order and Reasons. *See* ECF No. 170. The issue of medical records generally, however, was addressed in that Order. *Id.* at 15–16. The medical records requests contained no time restriction, and accordingly, I ruled that, "[a]bsent further justification, Defendants must narrow the time period of the medical records requests to limit the production to a five-year period (i.e., 2017 to present)." *Id.* at 16. Defendants' current motion likewise fails to provide any justification for discovery of Plaintiff's medical records for any period prior to 2017, including the 2003-2013 time period during which Plaintiff worked for Barrasso Usdin.

Defendants argue that Barrasso Usdin's responses are ambiguous as to whether it withheld or removed any documents from Plaintiff's personnel file. The Federal Rules require that a responding party affirmatively indicate whether any documents are withheld or removed from Plaintiff's personnel file.

## IV. **CONCLUSION**

Defendants' employment records authorization does not identify or request the separately maintained medical files for the employee. Likewise, Defendants have failed to provide any basis to establish that medical records prior to 2017 are relevant in this case to justify modification of my earlier finding that production of medical records be limited to the period of 2017 to date. Defendants are, however, entitled to a clear statement regarding whether Barrasso Usdin removed any documents from Plaintiff's personnel file before production, including confirmation as to whether any of the 130 additional pages contain any non-medical personnel documents that are being withheld based on a specific objection. Accordingly, for the reasons stated above, and considering the record, the submissions and arguments of counsel, and the applicable law,

IT IS ORDERED that Defendants' Motion to Compel (ECF No. 243) is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this 1st day of July, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE