UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHERINE MUSLOW, *et al.* | CIVIL ACTION |
| VERSUS | NO. 19-11793 |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, *et al.* | SECTION M (2) |

**ORDER & REASONS**

Before the Court is the motion[1] of plaintiffs Katherine Muslow and Meredith Cunningham (together, "Plaintiffs") for reconsideration of this Court's July 8, 2021 Order & Reasons.[2] Defendants John Harman,[3] the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") and Carlton "Trey" Jones, III[4] (collectively, "Defendants") oppose the motion. Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons.

**I.  BACKGROUND**

This case arises out of an employment dispute. Plaintiffs were formerly employed by the LSU Board as attorneys. The LSU Board oversees and manages LSU institutions across Louisiana, including its campuses in Baton Rouge and the LSU Health Sciences Center in New Orleans ("LSU (New Orleans)").[5] Defendant Jon Harman was Vice Chancellor, Administration and Finance at LSU (New Orleans) until his dismissal.[6] Until mid-2019, Muslow was "General

---

[1] R. Doc. 295.
[2] R. Doc. 290.
[3] R. Doc. 307.
[4] R. Doc. 308.
[5] R. Doc. 99 (third supplemental and amended complaint) at 2 (incorporating ¶ 5 of the second supplemental and amended complaint, R. Doc. 50-4 ("SSAC")).
[6] *Id.* at 3.

Counsel" to LSU (New Orleans).⁷  Before her employment at LSU (New Orleans), she served as its outside counsel.⁸  Until summer 2019, Cunningham was employed as a staff attorney at LSU (New Orleans) and reported to Muslow.⁹  Plaintiffs assert claims of gender discrimination and/or retaliation under Title VII, the Equal Pay Act, and 42 U.S.C. § 1983.  Among other damages, Plaintiffs seek punitive damages against Harman in his individual capacity.

On April 4, 2021, Defendants filed a motion to compel Plaintiffs to respond to interrogatories, submit a privilege log, and sign records authorizations – including to the Internal Revenue Service to release their income tax returns.¹⁰  Plaintiffs opposed the motion.¹¹  The magistrate judge granted in part and denied in part Defendants' motion.¹²  In her Order & Reasons, the magistrate judge did not analyze any issues concerning the tax return authorizations other than to note that Plaintiffs had agreed to execute them.¹³

Despite expressly agreeing to execute the tax return authorizations in their original opposition,¹⁴ Plaintiffs filed a motion for reconsideration of the magistrate judge's order to sign and deliver the income tax authorizations.¹⁵  During a status conference, the magistrate judge amended her order to include additional privacy protections concerning the income tax records to be provided in response to the authorizations, including allowing Plaintiffs to propose redactions of the tax returns for *in camera* review.¹⁶

---

⁷ *Id.* at 3, 4 (incorporating ¶ 16 of SSAC).
⁸ *Id.* at 4, 7 (incorporating ¶ 16 of SSAC).
⁹ *Id.* at 4, 7 (incorporating ¶ 17 of SSAC).
¹⁰ R. Doc. 143 at 1-2.
¹¹ R. Doc. 157.
¹² R. Doc. 170.
¹³ *Id.* at 15.
¹⁴ R. Doc. 157 at 9.
¹⁵ R. Doc 198 at 1.
¹⁶ R. Doc. 202 at 1-2.

On May 26, 2021, Plaintiffs filed a motion to compel Harman to respond to a production request seeking certain of his federal and state tax returns or, alternatively, an executed authorization for same.[17] Harman opposed the motion.[18] In her Order & Reasons on Plaintiffs' motion to compel, the magistrate judge recited that "[a]fter hearing arguments from both parties, they agreed that Plaintiffs could obtain the necessary financial information from Defendant Harman through an interrogatory."[19] Accordingly, the motion to compel was denied as moot.[20] Thereafter, Plaintiffs propounded the discovery request[21] and Harman responded.[22]

Plaintiffs objected[23] to the magistrate judge's rulings,[24] which defendants opposed.[25] On July 8, 2021, this Court overruled both objections holding that neither of the magistrate judge's conclusions were clearly erroneous or contrary to law.[26] The Court found that "[i]n this case, Plaintiffs have unquestionably made their tax returns relevant by putting their income and earning capacity at issue."[27] Plaintiffs agreed to execute the tax returns, and the magistrate judge's order requiring them to sign them was "a reasonable exercise of her broad discretion in resolving nondispositive pretrial matters."[28] In regard to Harman's tax returns, the Court found that Plaintiffs' objection was "mystifying" as it was "passing strange for Plaintiffs to agree to a resolution of a discovery dispute, have the magistrate judge bless it, proceed to conduct discovery

---

[17] R. Doc. 231.
[18] R. Doc. 236.
[19] R. Doc. 251.
[20] *Id.*
[21] R. Doc. 281-1.
[22] R. Doc. 281-2.
[23] R. Docs. 227, 272.
[24] R. Docs. 202, 251.
[25] R. Doc. 239
[26] R. Doc. 290.
[27] *Id.* at 6.
[28] *Id.* at 7-9.

3

pursuant to the parties' agreement and the magistrate judge's ruling, and then seek review of the ruling."[29]

Plaintiffs filed the motion at bar for reconsideration of the Court's July 8, 2021 Order & Reasons.[30]

## II. PENDING MOTION

In their motion, Plaintiffs argue that the personal information of their spouses and minor children will be exposed by the Court's order.[31] They note that the "Court's personnel are not subject to the Protective Order in this matter."[32] They contend that "[t]he Magistrate's clerks may apply for and obtain positions with competitors of Plaintiffs' spouses or work with or socialize with those who work with or socialize with Plaintiffs' spouses. Plaintiffs' spouses may also work with the Magistrate's staff or with other court personnel that work with or socialize with the Magistrate's staff."[33] As an alternative, Plaintiffs suggest that a certified public accountant should make the proper redactions.[34] In regard to Harman's tax returns, Plaintiffs continue to argue they are entitled to the returns to understand his full financial worth as opposed to just his earnings information.[35] They contend that his financial worth is relevant to the issue of punitive damages.[36]

In opposition, Harman argues that the "Court could not have been more clear as it pertains to the grounds underlying its Order & Reasons of July 8, 2021."[37] In their opposition, LSU and Jones urge that Plaintiffs' arguments citing concerns about the professionalism of the magistrate judge and her staff are "conclusory, speculative, and fail to recognize the ethics and judicial

---

[29] *Id.* at 9-10.
[30] R. Doc. 295.
[31] R. Doc. 295-1 at 2.
[32] *Id.* at 3.
[33] *Id.*
[34] *Id.* at 2.
[35] *Id.* at 5.
[36] *Id.* at 6.
[37] R. Doc. 307 at 1 (emphasis omitted).

conduct applicable to United States Judges and judicial employees."[38] Additionally, Defendants "firmly object" to Plaintiffs' suggestion that a certified public accountant should make the decision on redactions.[39] They explain that "a certified public accountant is not versed in and is not subject to the relevant discovery standards under the Federal Rules of Civil Procedure."[40]

### III.  LAW & ANALYSIS

#### A. Reconsideration Standard

Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Unlike motions to alter or amend a judgment under Rule 59(e), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting 'the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)) (internal citations and quotations omitted). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993) ("if the district

---

[38] R. Doc. 308 at 13.
[39] *Id.* at 16.
[40] *Id.*

5

court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] … the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("although a district court *may* revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis in original; alterations, internal quotation marks, and citation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019).

### B. Analysis

In their motion, Plaintiffs mostly reassert arguments they have raised in previous iterations of this motion. "'When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.'" *In re Taxotere*, 2020 WL 2473772, at *1 (E.D. La. May 13, 2020) (quoting *Hightower v. Group 1 Automotive, Inc.*, 2016 WL 3430569, at *3 (E.D. La. June 22, 2016)). In regard to Plaintiffs' tax returns, Plaintiffs raise the concern that somehow the magistrate judge and her staff cannot be trusted to complete an *in camera* review of the returns. This objection is without basis and cannot support a motion for reconsideration. The Court has the utmost confidence that court personnel will exercise the highest degree of professionalism and integrity in conducting the review and in protecting the confidentiality of personal information contained in the returns. Accordingly, reconsideration is unwarranted and unnecessary.

Due to the seemingly endless rounds of motions related to this issue, production of Plaintiffs' tax returns is now not likely to occur before the deposition deadline of September 30, 2021. LSU and Jones request that "to the extent Plaintiffs have not received their tax returns from

the IRS in response to the authorizations, Defendants further respectfully pray that the Court order Plaintiffs to produce their proposed redacted and unredacted tax returns from their respective certified public accountants for the court-ordered *in camera* review by the Magistrate Judge, by a specific date set by the Court."[41] This is a reasonable request that is consistent with the Court's prior orders.

In regard to Harman's tax returns, Plaintiffs raise no new arguments to explain how the magistrate judge could have erred in adopting the parties' agreed resolution of the discovery dispute. Hence, reconsideration is unwarranted.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion of plaintiffs Katherine Muslow and Meredith Cunningham for reconsideration of this Court's July 8, 2021 Order & Reasons (R. Doc. 295) is DENIED.

IT IS FURTHER ORDERED that if the tax returns from the IRS are not received by Plaintiffs before September 1, 2021, Plaintiffs must, on that day, deliver to the magistrate judge for *in camera* review, their tax returns from the files of their certified public accountants along with their proposed redactions and unredacted copies of the returns, with an explanation as to the reason for each proposed redaction.

New Orleans, Louisiana, this 12th day of August, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[41] *Id.* at 2.