UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHERINE MUSLOW, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 19-11793 |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ET AL. | *  * | SECTION "M" (2) |

## ORDER AND REASONS

Pending before me is the Motion for Protective Order filed by Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU"). ECF No. 324. LSU contends that the many of the 89 proposed topics in the Rule 30(b)(6) notice are overly broad, burdensome and not proportional to the litigation, and that the notice improperly requests production of documents responsive to 62 topics. ECF No. 324-1, at 1–2. Plaintiffs Katherine Muslow and Meredith Cunningham filed a timely Opposition Memorandum. ECF No. 330. LSU sought leave and filed a Supplemental Memorandum and Reply Memorandum. ECF Nos. 328, 332–34.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion for Protective Order (ECF No. 324) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.  BACKGROUND

The background of this matter is set forth in this Court's numerous prior rulings. Briefly, Plaintiffs Katherine Muslow and Meredith Cunningham formerly worked for LSU as "General Counsel" and staff attorney at LSU (New Orleans), respectively. Plaintiffs filed suit asserting, among other things, claims of gender discrimination and retaliation under both Title VII and the

1

Equal Pay Act.  ECF No. 99, at 12–16.  The court issued a Scheduling Order on December 9, 2020, which among other things, established a July 9, 2021 discovery deadline.  ECF No. 111, at 2.  In response to Plaintiff's motion to extend discovery deadlines, Judge Ashe denied the request, "except as to scheduling and conducting on or before October 14, 2021, the depositions of Elizabeth Martina, Shael Wolfson, Leslie Schiff, Caren Goldberg, and John Harman, as well as the Rule 30(b)(6) of the LSU Board (once the categories of testimony are clarified)."  ECF No. 323, at 2.

The parties have engaged in back-and-forth discussions about the proposed Rule 30(b)(6) topics for several months.  ECF No. 324-1, at 4–7.  LSU objects to Plaintiff's effort to obtain documents via the request for production seeking "all non-privileged documents used to formulate the testimony with respect to" 62 topics attached as Exhibit B to the proposed notice, arguing that, as a party deponent, any request for production to LSU must comply with Rule 34, thus this production request is untimely insofar as it was served only eleven days before expiration of the discovery deadline while Rule 34 specifies a 30-day response period unless stipulated or ordered by the court.  *Id.* at 8–9.  Plaintiffs contend that they timely provided the draft Rule 30(b)(6) notice and that the post-termination time period is relevant because LSU agreed to produce information for 2 years before the 2017 market survey, "certain damages" continue to accrue through the April 2022 trial date, and they would be prejudiced by not being able to investigate the pattern and culture of discrimination existing after their terminations.  ECF No. 330, at 1, 3–4.

The parties resolved some of the issues before and after LSU filed its motion:  Topic Nos. 1, 3, 6, 11, 12, 14, 15, 27-29, 31, 36-39, 42, 45, 47, 52, 55, 58, 60, 61, 66-68, 70, 73, 78, 82, 85, and 89 are no longer at issue.[1]  The parties agree that Topic Nos. 2, 4-5, 7, 8, 9, 10, 13, 16, 17, 18,

---

[1] ECF No. 324, at 10; No. 328, at 3; No. 330, at 2-3.

20, 21, 22, 23, 24, 25, 26, 30, 32, 33, 34, 35, 40, 41, 43, 44, 46, 48, 49, 50, 51, 53, 54, 56, 57, 59, 63, 64, 65, 69, 71, 72, 74, 75, 76, 77, 79, 80, 81, 83, 84, 86, 87, and 88 remain in dispute, but inconsistently identify Nos. 19 and 62 as in dispute.[2]

With regard to Nos. 4, 5, 16, 24, 48, 64 and 86, the parties dispute the relevant time period, with Plaintiffs seeking information from 2015 through 2021 because the trial has been continued with LSU agreeing only to the 2015–2020 period as Plaintiffs last days of employment were in Summer 2020. ECF Nos. 324, at 10; 330, at 3–5. Topic No. 86 seeks information regarding the separation of Thomas Skinner and Dan Layzell. ECF No. 330, at 20. LSU does not object to providing someone to testify as to Mr. Skinner's separation, but objects to the request for information regarding Mr. Layzell insofar as he had no interactions with Plaintiffs and had no role in any employment decision affecting them. *Id*. at 11–12. LSU thus contends that the failure to finalize Rule 30(b)(6) topics has prejudiced LSU in its preparation once the topics are finalized, and therefore, seeks a protective order modifying, striking and/or limiting the scope of inquiry. *Id*. at 14–15.

## II.     APPLICABLE LAW AND ANALYSIS

### A. Protective Order

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from

---

[2] *Compare* ECF No. 328, at 3 *with* No. 330, at 3.

stereotyped and conclusory statements."[3]  In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[4]

Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters.  Fed. R. Civ. P. 26(c)(1)(A), (B), (D), (G).  "As a general proposition, a district court [may] exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion."[5]  The trial court enjoys wide discretion in setting the parameters of a protective order.[6]

B. <u>Rule 30(b)(6)</u>

The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition.[7]  Rule 30(b)(6) gives the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on [its] behalf."[8]  Further, it alleviates the opposing party from "having to play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being bandied from pillar to post by deposition witnesses who disclaim personal knowledge on topics with which others in the corporation are familiar . . . ."[9]

The party seeking to depose an organization "must describe with reasonable particularity the matters for examination."[10]  In response, the entity must designate an agent or other person to

---

[3] *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).
[4] *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).
[5] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).
[6] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").
[7] *Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)).
[8] *Id.* (quoting *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996)) (internal quotations omitted).
[9] *Id.* (citing *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 432–33 (5th Cir. 2006)).
[10] Fed. R. Civ. P. 30(b)(6).

testify on its behalf "about information known or reasonably available to the organization."[11] As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.[12]

If the organization objects to any matter set forth in the deposition notice, it bears the burden of demonstrating that the notice is objectionable or insufficient and may file a motion for a protective order pursuant to Rule 26(c) in order to make that showing.[13]

In light of the burden placed on the corporate deponent by Rule 30(b)(6), the Rule preliminarily imposes a duty to identify with reasonable particularity the specific categories or topics for inquiry.[14] This enables the corporate entity to fulfill its obligations to choose and prepare a deponent: "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."[15]

---

[11] *Id.*
[12] *Brazos River Auth.*, 469 F.3d at 433 (quotations and citations omitted).
[13] *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 5:18-CV-14, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018).
[14] *Id.* (citing Fed. R. Civ. P. 30(b)(6)).
[15] *Pauls v. Prudential Ins. Co. of Am.*, No. 16-cv-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.,* No. 05-cv-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-cv-40164, 2020 WL 3412748, at *3 (D. Mass. March 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).

The effectiveness of Rule 30(b)(6) "bears heavily upon the parties' reciprocal obligations" to identify topics with particularity and prepare witnesses in good faith.[16] When the notice sufficiently informs the entity of the matters that will be inquired into at the depositions so that it can determine the identity and number of persons whose presence will be necessary to provide an adequate response, the particularity requirement has been met.[17] Courts have not, however, hesitated to issue protective orders when an entity is asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices,[18] rejecting the assertion that the rule authorizes "burdening the responding party with production and preparation of a witness on every facet of the litigation."[19]

1. **"Basis of" Topic Designations**

Courts are divided over whether a "basis of" topic designation satisfies Rule 30(b)(6)'s reasonable particularity requirement. Some courts have allowed depositions to proceed with "basis of" topic designations,[20] while others have refused finding that such designations are not

---

[16] *Lipari v. U.S. Bancorp, N.A.*, No. 17-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008); *see also Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) (citation omitted) (noting that "it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything."); *Dealer Computer Servs., Inc. v. Curry*, No. 12 Civ. 3457, 2013 WL 499520, at *2 (S.D. N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").

[17] *Rivas v. Greyhound Lines, Inc.*, No. 14-CV-166, 2015 WL 13710122, at *3 (W.D. Tex. Nov. 19, 2015) (quoting *Mitsui & Co. (U.S.A.) v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62, 66 (D.P.R. 1981)) (finding that notices were sufficient to inform defendant "of the matters which will be inquired into at the depositions so that [defendant] can determine the identity and number of persons whose presence will be necessary to provide an adequate response to any of [plaintiff's] potential questions.")).

[18] *Lipari*, 2008 WL 4642618, at *6; *see also In re Independent Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order where plaintiff's attempt to discover facts underlying defendant's defenses and counterclaims through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information."); *RM Dean Farms v. Helena Chem. Co.*, No. 11CV00105, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (granting protective order where "[t]he 30(b)(6) notice would require [defendant] to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible.").

[19] *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. C 11-1846, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (noting that an entity's task to prepare its witness in compliance with Rule 30(b)(6) "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand."); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task."); *Acton v. Target Corp.*, No. C08-1149, 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009) (finding no reasonable person could believe that the corporation could properly prepare one or more deponents to testify on 96 noticed topics without undue burden and expense.).

[20] For cases *allowing* Rule 30(b)(6) depositions to proceed with "basis of" category designations, *see Marti v. Schreiber/Cohen, LLC*, No. 4:18-cv-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020) ("[T]o the extent that

sufficiently particular.[21] As explained by one court in granting a protective order in response to a designated topic regarding the factual bases for affirmative defenses:

> [I]t is not clear that a 30(b)(6) deposition is the best method for obtaining the information [regarding an affirmative defense]. Rather, it can be argued that contention interrogatories are a better vehicle. The reason is simple – complaints and answers, including affirmative defenses, are drafted by attorneys, and asking a 30(b)(6) witness, usually a nonlawyer, to answer this type of questions [sic] after

---

these topics seeks [sic] testimony regarding the factual bases of [defendant's] answer, amended answer, and any affirmative defenses, [they are] proper."); *Ventron Mgmt. v. Tokio Marine Specialty Ins. Co.*, No. 20-cv-80262, 2020 WL 8614606, at *4 (S.D. Fla. Dec. 21, 2020) (allowing deposition to proceed on factual basis for coverage position and facts supporting affirmative defenses); *Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc.*, No. 15-cv-3023, 2018 WL 3358641, *6 (S.D. Ohio July 10, 2018) (holding that plaintiff entitled to facts related to allegations of defendant's claims and defenses, *not* of plaintiff's own claims); *Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of New Mexico*, 273 F.R.D. 689, 691–92 (D.N.M. 2011) (holding that Rule 30(b)(6) does not preclude "contention" designations and denying protective order regarding 30(b)(6) topics asking for "complete factual basis for" affirmative defenses and other issues); *E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432–34 (D. Nev. 2006) (denying protective order regarding Rule 30(b)(6) topic regarding the factual bases for position statements and affirmative defenses but requiring modification to exclude "basis of" topics with regard to any affirmative defense that only calls for legal analysis).

[21] For cases rejecting "basis of" topic designations as non-compliant with Rule 30(b)(6)'s reasonable particularity requirement, see *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2831700, at *3 (E.D. La. June 30, 2017) (referring generally to the Plaintiff's RICO statement and its Third Amended Complaint without any distinction as to specific allegations is insufficient to provide reasonably particularized notice such that the deponent can meet its obligation to prepare its representative) (citation omitted); *Scioneaux v. Elevating Boats, LLC*, No. 10–0133, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) (notice was not reasonably particular where examination topic read: "correlate with the document requests."); *St. Tammany Par. Hosp. Serv. Dist. No.1 v. Travelers Prop. Cas. Co. of Am.*, No. 07-01065, 2008 WL 11355015, at *3 (E.D. La. Apr. 25, 2008) (designating topic of "all electronic databases" maintained by insurer regarding all insurance claims similar to plaintiff's is unwieldy, overbroad, and amounts to an attempt to engage in a fishing expedition); *see also Tradeshift, Inc. v. BuyerQuest, Inc.*, No. 20-CV-01294, 2021 WL 2222811, at *2 (N.D. Cal. June 2, 2021) (holding that topic failed "reasonably particularity" requirement where it sought "factual bases for the affirmative defenses" because it does not describe any factual matter at all, but instead improperly calls for legal contentions from a lay witness); *Fifth Third Bank v. Westwood Zamias Ltd. P'ship*, No. 3:18-cv-143, 2019 WL 1383713, at *2 (W.D. Pa. Feb. 6, 2019) (topic regarding "all topics in or related to Plaintiff's Complaint" is overly broad and fails to identify specific topics with particularity); *Howard v. HMK Holdings, LLC*, No. CV 17-5701, 2018 WL 3642131, at *5 n.8 (C.D. Cal. June 11, 2018) (citation omitted) (asking corporate deponent to make a "law-to-fact application that is beyond the competence of most lay persons," "by memory and on the spot" without the aid of counsel is improper), *aff'd* 988 F.3d 1185 (9th Cir. 2021); *Dennis v. United States*, No. 3:16-cv-3148, 2017 WL 4778708, at *10 (N.D. Tex. Oct. 23, 2017) (notice seeking testimony regarding all "facts upon which Defendant bases denials and affirmative defenses stated in its amended answer" is overly broad because it fails to describe the testimony sought with reasonable particularity to enable Defendant to reasonably identify and marshal the facts as to which it must prepare its corporate representative to testify); *Club v. BNSF Ry. Co.*, No. C13-0967, 2016 WL 4528452, at *3 (W.D. Wash. Aug. 30, 2016) (granting motion for protective order and rejecting the argument that Defendant is entitled to a factual basis for plaintiff's claims because plaintiff has yet to provide sufficient facts and in relying on the expert reports produced by plaintiff to support its claims, finding 30(b)(6) deposition topic to have been answered by those reports); *Integra Bank Corp. v. Fidelity & Deposit Co. of Maryland*, No. 11-cv-00019, 2014 WL 109105, *3 (S.D. Ind. Jan. 10, 2014) (granting protective order based on failure to satisfy "reasonable particularity" requirement for topics seeking "factual basis" for answers to interrogatories); *TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475, 2012 WL 1413368, at *1–3 (N.D. Cal. Apr. 23, 2012) (finding topic too vague since it seeks the production of a corporate witness regarding all facts and contentions for each affirmative defense and counterclaim, but revised request seeking factual basis for laches and estoppel defense was sufficiently particular).

>being prepared in the manner of 30(b)(6) witnesses makes it extremely difficult to distinguish between "facts" (not protected) and the issue of why those facts have legal consequences, which usually has a work-product (lawyer's mental impressions) dimension. This problem is more acute since it is most likely that the lawyer was the source of the information which was provided to the 30(b)(6) witness so that he could answer the questions on behalf of the corporation and bind the corporation to those answers. And drawing the line between questions which seek to elicit facts and questions which will lead to a revelation of work-product matters can be difficult.[22]

The implication that a "basis of" designation has on the attorney-client privilege and/or work product doctrine is thus often addressed by courts in resolving objections to same.[23] After thorough review of the competing lines of authority, this Court concludes that a Rule 30(b)(6) topic designation seeking "the factual basis" for particular positions or contentions is not per se improper when the topic does not involve only legal conclusions or contentions.

Neither the attorney-client privilege nor work product doctrine protects underlying facts.[24] Other than topic designations that implicate *only* a legal issue,[25] the fact that a topic may implicate attorney-client privilege communications or work product doctrine does not automatically bar the designation. To accept that position would be counter to longstanding precedent prohibiting blanket assertions of privilege and recognizing that privilege issues must be addressed on a case-by-case basis.[26] Deposition questions that implicate the attorney-client privilege or work product

---

[22] *Fidelity Mgmt. & Research Co. v. Actuate Corp.,* 275 F.R.D. 63, 64 (D. Mass. 2011).
[23] *Bhasker v. Kemper Cas. Ins. Co.*, 361 F. Supp. 3d 1045, 1121 (D.N.M. 2019) (citing cases and noting split in authority regarding whether Rule 30(b)(6) can be used to explore "facts underlying legal claims and theories"); *see also Smith v. General Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, *3 (S.D. Ohio Apr. 13, 2006).
[24] *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) (recognizing that "privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney"); *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982) (noting that "the work product immunity protects only the documents themselves and not the underlying facts").
[25] *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 WL 2158769, at *5 (M.D. La. May 10, 2018) (citations omitted) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 WL 5993471 (M.D. La. Nov. 14, 2018); *see also United States v. El-Mezain*, 664 F.3d 467, 511 (5th Cir. 2011), ("It is also generally prohibited for a lay witness to interpret statutes and to give legal opinions.").
[26] *See Hodges, Grant & Kaufman v. United States,* 768 F.2d 719, 721 (5th Cir. 1985) (noting the burden of establishing that document is work product is on party asserting claim, but the burden of showing materials that constitute work product should nonetheless be disclosed is on party seeking production); *United States v. El Paso Co.*, 682 F.2d 530,

doctrine can be addressed by counsel on a case-by-case basis during the deposition, carefully allowing the witness to answer fact-based inquiries and precluding the witness from providing legal opinions, applying the law to any given facts, or sharing any attorney-client communication or work product.

### 2. Time Period

The parties dispute the applicable time period for several requests. Plaintiffs left LSU's employ in Summer 2019. During discovery, Plaintiffs seek information through 2021 while LSU seeks to limit the period to 2020. Discovery of information both before and after the liability period in a Title VII and Equal Pay Act suit may be relevant and reasonably calculated to lead to the discovery of admissible evidence.[27] Courts balance the potential relevance of such information against the burden to the employer and commonly extend the scope of discovery to a reasonable number of years both before and after such a liability period.[28] While the relevant time frame is case-specific, courts generally have limited the discovery period to two to five years prior to the liability period.[29] In *Mullenix*, the court authorized discovery for the period of three years before termination through date.

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[30] This broader scope is necessary given the nature

---

539, 541 (5th Cir. 1982) (holding party made blanket assertion of privilege as to all documents and thus failed to particularize its assertion as to any specific document).
[27] *Mullenix v. Univ. of Texas at Austin*, No. 1-19-CV-1203-LY, 2021 WL 1647760, at *4 (W.D. Tex. Apr. 26, 2021) (citing *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 3-04-CV-1059-B, 2005 WL 1017818, at *1 (N.D. Tex. Apr. 27, 2005)).
[28] *Id.* (citing *Mullenix*, 2021 WL 1647760, at *4).
[29] *Id.* (citing *Hernandez v. Clearwater Transp., Ltd.*, No. 1:18-CV-319 RP, 2021 WL 148053, at *3 (W.D. Tex. Jan. 15, 2021) (finding that a four year discovery period before the discriminatory incident was reasonable); *Bell v. Hercules Liftboat Co.*, L.L.C., 2011 WL 6140680, at *1 (M.D. La. Dec. 9, 2011) (holding that plaintiff's discovery requests were "plainly overly broad" where there was no time limitation and concluding that discovery period of three years before the discrimination was reasonable); *Beasley*, 2005 WL 1017818, at *1 (permitting two-year discovery period); *Marchese v. Sec'y, Dep't of the Interior*, No. Civ. A-03-3082, 2004 WL 2297465, at *2 (E.D. La. Oct. 12, 2004) (permitting three-year discovery period)).
[30] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

9

of litigation, where determinations of relevance for discovery purposes are made well in advance of trial.[31] Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[32] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[33] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[34] If relevance is in doubt, the court should be permissive in allowing discovery.[35]

In balancing the potential relevance against the burden to the employer LSU, allowing discovery through 2021, approximately two years after Plaintiffs' employment, is reasonable and not unduly burdensome or disproportionate.

### 3. Reasonable Particularity

In determining whether a Rule 30(b)(6) notice meets the reasonable particularity requirement, a court should examine the notice in the context of the individual circumstances of the case.[36] Initially, any topic that is phrased in terms of "including but not limited to" is improper and will be limited to the specified items. Requiring a deponent to prepare a witness to address unspecified topics is inconsistent with Rule 30(b)(6)'s reasonable particularity requirement.

---

[31] *Id.* n.5 (citation and quotations omitted).
[32] *Id.*
[33] *Id*. at 590 (citations omitted).
[34] *Dotson v. Edmonson*, No. CV 16-15371, 2017 WL 11535244, at *3 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[35] *E.E.O.C. v. Simply Storage Mgmt., L.L.C*., 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc*., 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).
[36] *In re Katrina Canal Breaches Consol. Litig*., No. 05–4182, 2008 WL 4936734, at *2 (E.D. La. Aug. 11, 2008) (citing Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment). *Cf. TV Interactive Data Corp. v. Sony Corp*., No. C 10-475, 2012 WL 1413368, at *2 (N.D. Cal. Apr. 23, 2012) (stating court should consider whether, based on the facts of each case, contention interrogatories are a more appropriate discovery tool than a 30(b)(6) deposition) (citing *Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 601–02 (1999); *United States v. Taylor*, 166 F.R.D. 356, 362 n.7 (M.D.N.C.1996) (holding that contention interrogatories were more appropriate than a 30(b)(6) deposition for discovery in a patent case)).

4. **Specific Topic Designations and Objections**

No. 2: LSU's objections are sustained. Plaintiffs' use of "including, but not limited to" and failure to identify any specific denial or affirmative defense for which they seek the factual basis renders the topic designations overly broad and noncompliant with the reasonable particularity requirement of Rule 30(b)(6). Moreover, it fails to exclude any denial or affirmative defense that is strictly legal in nature, which of course would not be a proper topic for inquiry of a fact witness, even under Rule 30(b)(6). Plaintiffs may, however, timely revise the designation to specifically identify particular defenses or denials for which they seek the factual bas.

Nos. 4 and 5: LSU's time frame objection is addressed above. With regard to the substance, to the extent that LSU's position is that Plaintiffs were terminated for cause or due to interpersonal issues, Plaintiffs are entitled to know of any complaints about them. Likewise, benefits are relevant. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. La. Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

Nos.7-9: LSU's objection is sustained. Discovery regarding proper comparators is appropriate and relevant to Plaintiffs' discrimination claim.

> Employees with different supervisors, who work for different divisions of a company or who were the subject of adverse employment actions too remote in time from that taken against the plaintiff generally will not be deemed similarly situated. Likewise, employees who have different work responsibilities or who are subjected to adverse employment action for dissimilar violations are not similarly situated. This is because we require that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken "under nearly identical circumstances." The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions.[37]

---

[37] *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009); *see also Stringer v. N. Bolivar Consol. Sch. Dist.*, 727 F. App'x 793, 800 (5th Cir. 2018) (recognizing that different job titles may suffice if those jobs share substantially similar responsibilities); *Martin v. Budget Rent-A-Car Sys. Inc.*, 432 F. App'x 407, 411 (5th Cir. 2011)

Thus, Topic Nos. 7-9 must be limited to the time periods during which the identified people were employed in the same or substantially similar position as Plaintiffs during the same time periods.[38]

No. 10: LSU's objection is sustained for the same reasons outlined above. A proper comparator necessarily entails the same supervisor or having their employment status determined by the same person. Plaintiffs may, however, inquire as to similarly situated employees (i.e., with the same supervisors or decisionmakers).

No. 13: Plaintiffs are entitled to examine the 30(b)(6) deponent on hiring policies and practices. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g., Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

Nos. 16 and 17: LSU's time frame objection is addressed above. LSU's objection seeking to limit the request to proper comparators (i.e., similarly situated in terms of position, supervisors, and decisionmakers) during Plaintiffs' employment is sustained for the reasons set forth herein.

No. 18: LSU's objection is sustained. The burden of assimilating information regarding average retirement age is not proportional to the needs of this case given that average retirement age is not relevant to any claim or defense. Plaintiffs' damages will be based on Plaintiffs' own personal situation, not the average of other employees.

No. 19: This topic is overbroad to the extent it seeks information regarding employees beyond similarly situated comparable employees. As to proper comparators, Plaintiffs are entitled to examine the 30(b)(6) deponent on this topic. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g., Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

---

(per curiam) (noting that evidence of customer service responsibilities was too general to show that comparators were similarly situated to a plaintiff who held a different customer service position).

[38] *Reyna v. Donely*, 479 F. App'x. 609, 611 (5th Cir. 2012) (citations and quotations omitted) (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)); *see also Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001) (citing *Little v. Republic Refining Co.*, 924 F.2d 93, 97 (5th Cir. 1991) (finding employee not identical when employees action were reviewed by different supervisors)); *Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir. 1990) (stating employees who engaged in different violations of company policy were not nearly identical); *Davin v. Delta Air Lines, Inc.*, 678 F.2d 567, 571 (5th Cir., Unit B 1982) (finding employees engaged in different conduct were not similarly situated).

No. 20: LSU's objection is sustained. Mr. Harman's treatment and even favoritism in favor of his wife is not evidence of discrimination. See Wilson v. Delta State Univ., 143 F. App'x 611, 614 (5th Cir. 2005) (holding that "such 'paramour favoritism' is not an unlawful employment practice under Title VII" because such favoritism is not sex-based discrimination and while unfair, disadvantages both sexes alike for reasons other than gender); *see also Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 (5th Cir. 2003) (citation omitted); *Smith v. Touro Infirmary*, No. 14-2689, 2015 WL 5093487, at *3 (E.D. La. Aug. 28, 2015) (citation omitted), *aff'd*, 642 F. App'x 338 (5th Cir. 2016) .

Nos. 21, 22, 23, 24: Plaintiffs are entitled to examine the 30(b)(6) deponent on the specified topics. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

No. 25: This topic is vague and fails to specify, with reasonable particularity, the items for examination. The topic must be modified to negotiation and resulting MOU(s) between LSU A&M and LSUHSC-NO for legal services to be provided by LSU A&M to LSUHSC-NO by a Chief Counsel and Staff Attorney during the relevant period.

Nos. 26 and 30: Information regarding Mr. Jones and/or Ms. Gunaldo is only relevant to the extent that they are proper comparators. Accordingly, this topic must be limited to information regarding Mr. Jones' employment in positions similar to Plaintiffs' and/or promotions to similar positions along with pay in those similar positions. Likewise, information regarding Ms. Gunaldo's claims is only potentially relevant to the extent she held a similar position to Plaintiffs, reported to the same supervisor or decisions-makers and filed suit based on alleged pay discrimination rather than some other form of discrimination (i.e., race, age, etc.)

Nos. 32, 33, 34, 35: Plaintiffs are entitled to examine the 30(b)(6) deponent on the specified topics for the time period identified above. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

Nos. 40 and 41: These topics are vague and fail to specify, with reasonable particularity, the items for examination. The topics must be modified to pay or promotion merit systems or seniority systems of LSUHSC-NO applicable to

similarly situated employees who are proper comparators. Further, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

No. 43: Information regarding Capo, Allen and Honoree would only be relevant to the extent that they are proper comparators. Accordingly, this topic must be limited to information regarding their employment in positions similar to Plaintiffs' along with salary and pay in those similar positions.

No. 44: This topic is overbroad and LSU's objection is sustained in part. If, however, LSU contends that Plaintiffs' pay was established based on budgetary restrictions, Plaintiffs may obtain information relating to salary budget information applicable to similarly situated comparators.

Nos. 46 and 48: Plaintiffs are entitled to examine the 30(b)(6) deponent regarding these topics. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

No. 49: LSU's objection is overruled. As discussed herein, Plaintiffs may not ask questions that call for legal conclusions or invade privilege. LSU may object to any particular questions that invade the attorney-client privilege or work product protection.

No. 50: LSU's objection is sustained. This topic does not seek information that is relevant to any pending claim or defense in this matter.

Nos. 51 and 53: Plaintiffs are entitled to examine the 30(b)(6) deponent regarding these topics. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

Nos. 53 and 54: Plaintiffs are entitled to examine the 30(b)(6) deponent regarding these topics. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26,

2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

No. 56: This topic is overbroad to the extent it seeks information beyond similarly situated comparable employees. As to proper comparators, Plaintiffs are entitled to examine the 30(b)(6) deponent on this topic. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

Nos. 57 and 59: Plaintiffs are entitled to examine the 30(b)(6) deponent regarding these topics. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

No. 62: LSU's objection is sustained. This topic does not seek information that is relevant to any pending claim or defense in this matter.

No. 63: This topic is overbroad to the extent it seeks information beyond similarly situated comparable employees. As to proper comparators, Plaintiffs are entitled to examine the 30(b)(6) deponent on this topic. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

No. 64: This topic is overbroad to the extent it seeks information beyond similarly situated comparable employees. As to proper comparators, Plaintiffs are entitled to examine the 30(b)(6) deponent on this topic. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

No. 65: This topic is vague and fails to specify, with reasonable particularity, the items for examination. Plaintiffs must specify with reasonable particularity the "administrative aspects of consolidation" that they seek information regarding. If modified, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g., Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

No. 69: LSU's objection to the argumentative nature of the specified topic is sustained. However, Plaintiffs may examine the 30(b)(6) deponent as to (a) OCC/LSU A&M's salary analysis and (b) the 2017 Market Survey, but argumentative questions regarding conclusions of such analysis are improper in a Rule 30(b)(6) deposition.

Nos. 71 and 72: These topics are overbroad to the extent they seek information beyond similarly situated comparable employees. As to proper comparators, Plaintiffs are entitled to examine the 30(b)(6) deponent on these topics. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g., Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

Nos. 74 and 75: Information regarding Dr. Srivastava and Dr. Caspi is only relevant to the extent that they are proper comparators. Accordingly, this topic must be limited to information regarding their employment in positions similar to Plaintiffs' and/or promotions to similar positions reporting to the same supervisors or decisions-makers.

No. 76: LSU's objection is sustained. The Frey litigation and circumstances underlying it has no relevance to any claim or defense in this case.

No. 77: LSU's objection is sustained. This topic is not reasonably particular insofar as Plaintiffs fail to identify any particular support staff sought to be hired or a time-frame in which same is alleged to have occurred.

No. 79: LSU's objection is sustained in part. To the extent the Husch Blackwell report addresses issues related to Plaintiffs' positions or comparators, Plaintiffs may inquire into same. To the extent it addresses issues of others who are not similarly situated in nearly identical circumstances, the information is neither relevant nor proportional. Further, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g., Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1

(E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

Nos. 80 and 81: Information regarding Mr. Trappey and Mr. Wasser is only relevant to the extent that they are proper comparators. Accordingly, this topic must be limited to information regarding their employment in positions or terminations from positions similar to Plaintiffs' reporting to the same supervisors or decisions-makers. To the extent these men are similarly situated in nearly identical circumstances, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

No. 83: LSU's objection is sustained. As drafted, the topic is overly broad as it purports to seek information for others who are not similarly situated in nearly identical circumstances. Moreover, it is cumulative and addresses information already produced.

No. 84: Plaintiffs are entitled to examine the 30(b)(6) deponent on the specified topic. However, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

No. 86: LSU's objection as to Mr. Layzell is sustained. Mr. Layzell is not a proper comparator.

No. 87: LSU's objections are sustained in part. As drafted the topic does not describe with reasonable particularity the information sought. Plaintiffs may modify the request to obtain information regarding any input the identified persons had in any decision regarding Plaintiff's pay, promotion, demotion, or termination during the relevant time period.

No. 88: Information regarding Mr. Nelson and Mr. Schroth is only relevant to the extent that they are proper comparators. Accordingly, this topic must be limited to information regarding their employment in positions or terminations from positions similar to Plaintiffs' reporting to the same supervisors or decisions-makers. To the extent these men are similarly situated in nearly identical circumstances, Plaintiffs may not pose questions that are duplicative or cumulative of prior discovery. *See, e.g.*, *Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV 16-

6604, 2017 WL 2955356, at *1 (E.D. La. Apr. 26, 2017) (stating that, for a witness already deposed in his individual capacity, questions during Rule 30(b)(6) deposition may not be unreasonably cumulative or duplicative as same would violate Fed. R. Civ. P. 26(b)(2)(C)(i)).

### C. The Requests for Production

Plaintiffs' document requests submitted with the proposed Rule 30(b)(6) deposition notice are untimely. Rule 30(b)(2) authorizes a Notice of Deposition to include a request for documents under Rule 34. Rule 34(b)(2)(a) of the Federal Rules of Civil Procedure allows a party 30 days from service to respond to requests for the production of documents. The Court's Scheduling Order makes clear that discovery must be *completed* by the discovery deadline. Accordingly, a request for discovery from a party must be served at least thirty days prior to the completion of discovery to be considered timely.[39] Accordingly, Plaintiffs should have issued their Rule 30(b)(6) notice at least 30 days before the discovery deadline. Their failure to do so renders the discovery request untimely.

### IV. CONCLUSION

Accordingly, for these reasons as more fully set forth herein,

IT IS ORDERED that Defendant's Motion for Protective Order (ECF No. 324) is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this 8th day of October, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[39] *See Rahman v. ExxonMobil Corp.*, No. CV 18-894-BAJ-RLB, 2020 WL 354320, at *10 (M.D. La. Jan. 21, 2020) (quashing document request as untimely); *Hall v. State of Louisiana*, No. 12-657, 2014 WL 2560715, at *1 (M.D. La. June 6, 2014) (citations omitted) (holding discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests).