UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHERINE MUSLOW, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 19-11793 |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ET AL. | * * | SECTION "M" (2) |

## ORDER AND REASONS

Before me is Plaintiffs Katherine Muslow and Meredith Cunningham's Motion to Compel Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") to provide full and complete responses to Plaintiffs' Interrogatories No. 4 and No. 20 and Requests for Production of Documents Nos. 28-31 and 39. ECF No. 337. Defendant LSU timely filed an opposition. ECF No. 339. No party requested oral argument under Local Rule 78.1, and the Court finds oral argument is unnecessary for determination of this Motion.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Compel (ECF No. 337) is DENIED for the reasons stated herein.

**I.      BACKGROUND**

The background of this matter is set forth in this Court's numerous prior rulings. Briefly, Plaintiffs Katherine Muslow and Meredith Cunningham formerly worked for LSU as "General Counsel" and staff attorney at LSU (New Orleans), respectively. Plaintiffs' employment ended in June and July of 2019. They filed this suit on July 22, 2019, asserting, among other things, claims of gender discrimination and retaliation under both Title VII and the Equal Pay Act. ECF No. 1; No. 99, at 12–16.

1

### A. Previous Motions to Continue Discovery Deadline

After extensive pre-Answer motion practice, the Court entered a Scheduling Order on December 9, 2020, establishing a July 9, 2021 discovery deadline. ECF No. 111, at 2. Plaintiffs have filed several motions to extend various discovery deadlines, including a request in May 2021. ECF No. 208. Judge Ashe continued *only* deadlines for the pretrial dispositive and *Daubert* motions, pretrial conference and trial, specifically stating that the "discovery deadline of July 9, 2021 shall remain in place." ECF No. 223, at 4. Judge Ashe then denied a motion to extend the discovery deadline on June 25, 2021, and again denied a request for extension during a July 8, 2021, status conference. *See* ECF Nos. 246, 263, 283, 291.

On September 21, 2021, Plaintiffs filed another motion for extension of deadlines, specifically addressing the internal LSU audit upon which it now relies, arguing that the audit report cites incidents of conflicts of interest, favoritism, nepotism and retaliation and includes facts and findings of wrongdoings by Defendant Hollier and Plaintiff Muslow's proposed comparator Louis Colletta. ECF No. 320-1, at 2. Plaintiffs argued the audit contains references to emails and statements responsive to previous discovery requests and asked Judge Ashe to "reopen discovery as to the matters contained in the report" so that Plaintiffs may "fully investigate the audit report and depose the defendants and witnesses regarding same." *Id.* at 3–5. Judge Ashe **denied** the request on September 22, 2021, "except as to scheduling and conducting on or before October 14, 2021, the depositions of Elizabeth Martina, Shael Wolfson, Leslie Schiff, Caren Goldberg, and John Harman, as well as the Rule 30(b)(6) of the LSU Board . . . ." ECF No. 323, at 2.

### B. Plaintiffs' Motion to Compel

Two months after Judge Ashe's September 22, 2021 ruling, Plaintiffs filed this Motion to Compel full and complete responses from Defendant LSU to Plaintiffs' Interrogatory Nos. 4 and

20 and Requests for Production Nos. 28-31 and 39, which were served on December 16, 2020. ECF Nos. 337-4, at 8; 337-13, 337-14. First, Plaintiffs argue that LSU's responses, which were limited to documents and information in the 2014–2019 time period, is insufficient based on this Court's October 8, 2021 decision allowing Rule 30(b)(6) deposition topics to extend past the 2019 date. ECF No. 337-4, at 2–3 (citing ECF No. 335 at 10). Conceding that their counsel previously *agreed* with LSU to limit the written discovery requests at issue to 2014-19 period with regard to complaints of gender discrimination, retaliation, nepotism, and hostile work environment, Plaintiffs argue that this agreement was reached before the September 14, 2021 release of LSU's internal audit report. ECF No. 337-4, at 3. Plaintiffs contend that the audit discusses claims of retaliation, nepotism, improper hiring practices, and favoritism and other transgressions by Hollier and Colletta, and shows that relevant complaints were not disclosed to Plaintiffs in response to Interrogatory No. 4 and/or Requests for Production Nos. 28, 29, 30, and 31. *Id.* at 4, 6. Plaintiffs ask that Defendants be required to supplement their responses to include all responsive documents of "complaints of sex discrimination, pay disparity, retaliation, or nepotism at LSUHSC-NO and Skinner/Jones [from 2014] up until present." *Id.* at 10.

In addition to their request to now produce documents after the previously agreed 2014-19 period, Plaintiffs also ask the Court to overrule Defendants' attorney-client and work product privilege objections and require production of the draft response to Plaintiff Muslow's EEOC charge to determine if her job performance was mentioned in the draft. *Id.* at 11–15. Plaintiffs also request production of documents responsive to Request for Production No. 39, arguing that information in the audit regarding preferential treatment of male employees at LSU warrants the supplementation of LSU's response through the present. *Id.* at 17–18. Plaintiffs also object to LSU's response to Interrogatory No. 20 regarding support for their affirmative defenses. *Id.* at 19.

In its Opposition, Defendant LSU argues that this Motion is untimely, Plaintiffs have not demonstrated good cause to justify discovery outside the discovery period, and Plaintiffs failed to engage in the required Rule 37 "meet and confer" before filing this motion. ECF No. 339, at 1. LSU recounts the extensive discovery practice, the numerous continuance requests, and Judge Ashe's decision denying Plaintiffs' motion to extend discovery specifically when addressing the LSU internal audit. *Id.* at 2–8. LSU states the parties held a Rule 37 meet and confer on February 27, 2021 after it sent initial responses to Plaintiffs' first requests. Counsel for both parties exchanged follow-up communications through February 26, 2021. *Id.* at 3. LSU asserts that they have not heard from Plaintiffs' counsel regarding LSU's responses to the discovery requests at issue since that time, and Plaintiffs filed this motion without a meet and confer or any advanced notice. *Id.* at 2, 9. Defendant LSU asserts that it also fully and completely responded to the interrogatories and requests for production at issue in accordance with the agreed resolution during their Rule 37 conference held in February 2021 regarding these requests. *Id.* at 17, 19.

LSU argues that Plaintiffs have no good cause to modify the scheduling order, LSU delivered supplemental responses between February to July 2021, and the audit, which LSU contends does not mention gender-based findings, addresses events occurring after Plaintiffs' employment ended in 2019, and thus, Plaintiffs have not demonstrated how it contains proper comparators or identical circumstances. *Id.* at 5, 14, 17. LSU also argues that, in the depositions taken after the release of the audit, Plaintiffs had opportunities to obtain supplemental discovery information, including LSU's 30(b)(6) depositions, and that many of the deposition topics overlap with the requests at issue. *Id.* at 6. LSU also requests a protective order and reasonable expenses as a result of this untimely motion filed without a proper Rule 37 conference. *Id.* at 24.

In their reply, Plaintiffs argue that this motion is not an attempt to re-open discovery, but rather simply to require LSU to supplement its prior responses to the specified discovery requests. ECF No. 344, at 3. Plaintiffs further argue that, due to this Court's October 8, 2021, Order allowing depositions to address events through 2021, Defendants should have supplemented their prior written discovery responses. *Id.* at 5. As to the Rule 37 conference, Plaintiffs cite a discussion of the audit report held on September 20, 2021, and state that Defendants asserted that any documents dated after Plaintiffs' employment were irrelevant. *Id.* at 6. Plaintiffs also argue the relevancy of the audit report, noting that it discusses nepotism, retaliation, and improper hiring practices, which they contend are relevant to the gender and other claims. *Id.* at 7–8.

C. **APPLICABLE LAW AND ANALYSIS**

 A. **Rule 37's Meet and Confer Requirement**

Rule 37(a)(1) of the Federal Rules of Civil Procedure authorizes the filing of a Motion to Compel Discovery. It provides, in pertinent part:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certification, specifying:

> (1) how the required conference was scheduled,
> (2) who participated in the conference,
> (3) the date and time of the conference,
> (4) whether the conference was conducted by phone or in person,
> (5) the duration of the conference,
> (6) the specific topics that were addressed at the conference, and
> (7) whether any issues were resolved by the parties, and, if so, the terms of the resolution.[1]

---

[1] *Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited January 12, 2022).

These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[2]

In this case, Plaintiffs did not include a Rule 37 certification, and they certainly did not comply with this Court's very specific requirements as to the handling and subject matter for the required Rule 37 conference. Plaintiffs' failure to engage in a fulsome meet and confer prior to filing these motions constitutes sufficient reason in itself to deny this motion.[3] Indeed, courts routinely deny discovery motions for failure to comply with Rule 37(a)(1).[4]

### B. Post-Discovery Deadline Motions to Compel

In addition, however, Plaintiffs filed this motion on November 22, 2021, which is over four months *after* expiration of the July 9, 2021 discovery deadline. As courts in this district have repeatedly recognized, "It is axiomatic that to complete discovery means that all disputes relative to discovery . . . must be filed and resolved prior to the discovery deadline."[5] "This means that a motion to compel discovery must be resolved, not just filed, by the discovery deadline."[6] Indeed, the Fifth Circuit has confirmed the district court's discretion to deny as untimely a motion filed after the discovery deadline.[7]

---

[2] *Id.*
[3] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).
[4] *See, e.g.*, Greer v. Bramhall, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. CV 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted).
[5] *See, e.g., Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4156499, at *2 (E.D. La. Sept. 19, 2017) (Roby, M.J.) (quoting *Fairley v. Wal-Mart Stores, Inc*., No. 15-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016) (Roby, M.J.)); *see also Rahman v. ExxonMobil Corp*., No. CV 18-894-BAJ-RLB, 2020 WL 354320, at *10 (M.D. La. Jan. 21, 2020) (quashing document request as untimely); *Hall v. State of Louisiana*, No. 12-657, 2014 WL 2560715, at *1 (M.D. La. June 6, 2014) (citations omitted) (holding discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests).
[6] *Galliano Marine Serv., LLC v. Schumacher*, No. 17-09868, 2018 WL 3970751, at *1 (E.D. La. June 4, 2018) (Roby, M.J.).
[7] *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 156 (5th Cir. 2018) (citing *Vann v. Gilbert*, 482 F. App'x 876, 879 (5th Cir. 2012) (per curiam) (affirming summary judgment and finding no abuse of discretion in denying a motion to compel where the scheduling order required all discovery to be completed by a specific date and the motion was filed

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."  Good cause "requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension."[8]  The Fifth Circuit reviews the trial court's decision to grant or deny a motion to modify a discovery schedule for abuse of discretion.[9]  As Judge Ashe explained in denying an earlier motion for extension in this case:  "At some point, discovery must end. . . . Otherwise, the case management process is rendered meaningless."[10]

The governing December 9, 2020, Scheduling Order in this case required that, with certain exceptions granted by Judge Ashe in his September 22, 2021 Order, all discovery must be completed by July 9, 2021.  ECF Nos. 111, 323.  Plaintiffs did not file this motion until November 22, 2021, four months after the discovery deadline.  In it, Plaintiffs challenge Defendants' responses issued much earlier in this litigation.  Indeed, Defendant LSU produced its first privilege

---

after that date); *Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (per curiam) (finding no abuse of discretion where the district court dismissed a motion to compel in part because it was filed almost one month after the discovery deadline)).

[8] *Pool Prod. Distrib. Mkt. Antitrust Litig.*, 2014 WL 1154334, at *3 (citing *S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.1990))); *see also Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, No. 18-2885, 2021 WL 6196978, at *1 (E.D. La. Dec. 30, 2021) (Ashe, J.) (citing *Garza v. Webb Cty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C.*,, 315 F.3dat 535)).  The Fifth Circuit has identified a four-factor balancing test to determine whether good cause exists to modify a discovery deadline: (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification of the scheduling order; (3) the potential prejudice that could result from allowing the modification; and (4) the availability of a continuance to cure that prejudice.  *Geiserman*, 893 F.2d at 791 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)); *accord Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).  The Fifth Circuit has suggested that the *Geiserman* test is the appropriate analysis where a party seeks to re-open discovery after the deadline has passed.  *Colonial Freight Sys., Inc. v. Adams & Reese, L.L.P.*, 524 F. App'x 142, 145 (5th Cir. 2013); *see also Pool Prod. Distrib. Mkt. Antitrust Litig.*, 2014 WL 1154334, at *3.
[9] *Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).
[10] *Muslow v. Bd. of Supervisors of Louisiana State Univ.*, No. 19-11793, 2021 WL 4239079, at *2 (E.D. La. June 25, 2021) (citing *Hughes v. Boston Sci. Corp.*, 2009 WL 3031680, at *2 (S.D. Miss. Sept. 17, 2009); *see also Finalrod IP, LLC v. John Crane, Inc.*, 2019 WL 2563840, at *3 (W.D. Tex. Mar. 22, 2019) ("At some point, the parties must set aside their suspicions and discovery must end."); *Rocha v. Metro. Life Ins. Co.*, 2006 WL 8434159, at *2 (W.D. Tex. Oct. 13, 2006) ("And, in any event, at some point in a litigation, discovery must end so the litigation may progress to completion.")).

7

log on February 12, 2021 (and later four supplemental logs), yet Plaintiffs failed to hold a meet and confer regarding same and filed this motion challenging the invocation of privilege in November 2021. Plaintiff's challenge is untimely. Plaintiffs' Motion to Compel, particularly with regard to privilege, Interrogatory No. 20, and Requests for Production No. 39, is simply too late, and Plaintiff has failed to establish good cause necessary to modify the scheduling order.

### C. **Rule 26(e)'s Duty to Supplement**

With regard to Interrogatory No. 4 and Requests for Production Nos. 28-31, Plaintiffs argue that Defendant LSU should be required to supplement its responses pursuant to Fed. R. Civ. P. 26(e) to produce additional information for 2020-21. Rule 26(e) imposes a duty to supplement prior discovery responses with newly discovered information even through the time of trial.[11] Rule 26(e)'s duty to supplement, however, cannot be used to circumvent deadlines imposed by Rule 26(a) or a court's scheduling order. "The purpose of rebuttal and supplementary disclosures is just that–to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its [discovery] information."[12]

Plaintiffs gloss over the fact that, during their Rule 37 discussions in February 2021, they agreed to limit their discovery requests to the period of 2014-19 for the written discovery at issue.[13] Under Federal Rule of Civil Procedure 29(b), parties may stipulate to the "procedures governing or limiting discovery," so long as they do not alter the discovery timeline.[14] A stipulation is an

---

[11] Rule 26(e)(1) imposes upon all parties an ongoing obligation to supplement prior discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other party during the discovery process . . . ." This ongoing duty to supplement previous answers, not to provide new discovery, is not subject to the Scheduling Order deadline. *Biggio v. H20 Hair, Inc.*, No. 15-6034, 2016 WL 7116025, *1, 2 (E.D. La. Dec. 7, 2016); *see also Eubanks v. Eubanks*, No. 17-1217, 2017 WL 3380476, at *1 (E.D. La. Aug. 4, 2017).
[12] *Sierra Club, Lone Start Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (addressing expert disclosures).
[13] ECF No. 337-4, at 9 (acknowledging their counsel's agreement to limit responses to 2014-2019).
[14] Fed. R. Civ. P. 29(b); *see also In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001); *see also Riley v. Walgreen Co.*, 233 F.R.D. 496, 500 (S.D. Tex. 2005) (citing Fed. R. Civ. P. 29).

agreement between counsel respecting a matter before the court. The purpose of allowing such party agreements is to increase the efficiency of litigation.[15] Based on their stipulation, the parties proceeded to engage in extensive written discovery. Notably, in this motion, Plaintiffs do not suggest that LSU has failed to fully answer the discovery requests at issue with regard to the agreed timeline of 2014–2019. If they had, that would be a proper Rule 26(e) supplementation request.

Here, Plaintiffs seek information for a different time period than agreed (i.e., 2020-21), not simply to supplement information for the stipulated 2014-19 time period. Thus, Plaintiffs are now asking this Court to modify the parties' stipulation and re-open discovery to allow Plaintiffs to obtain additional discovery for the 2020-21 time period despite their earlier agreement to limit that discovery to 2014-19. Contrary to Plaintiffs' contention, this Court's October 8, 2021 Order addressing topics during the Rule 30(b)(6) deposition does not justify a late modification of the parties' stipulation regarding written discovery to re-open discovery for a new time period.

Moreover, Plaintiffs' motion appears to seek from the undersigned the same relief previously denied by Judge Ashe in response to their September 21, 2021 motion. ECF No. 320. In that motion, Plaintiffs sought to extend the discovery deadline and asked Judge Ashe to allow their experts to review the facts and findings of the audit to determine if supplements are necessary and to depose defendants and witnesses regarding the audit. ECF No. 320-1, at 3–4. Judge Ashe explicitly stated he reviewed their motion, which attached and addressed the LSU audit report (ECF No. 320-5), when he denied that request. ECF No. 323, at 1. This Court will not now modify the parties' stipulation of the 2014-19 time period to order supplemental responses that, for the first, time, entail discovery regarding additional years after Plaintiffs' termination (2020-21), particularly when Judge Ashe has already denied their request to re-open discovery based on the

---

[15] *See Garza v. Webb Cnty, Tex.*, 296 F.R.D. 511, 512 (S.D. Tex. 2014); Fed. R. Civ. P. 29(b), Advisory Committee Notes to 1993 Amendments.

2021 LSU audit.[16] In light of Judge Ashe's previous Order addressing the audit report and the parties' stipulation as to the relevant time period for purposes of the discovery at issue in this motion, Defendant LSU is not obliged to provide supplemental discovery responses to include, for the first time, information after the agreed 2014-19 time period.

## IV.    CONCLUSION

In addition to failing to conduct the required Rule 37 conference, Plaintiffs' motion to compel raising objections to Defendant LSU's discovery responses (i.e., privilege log affirmative defense response) is untimely. This motion was filed four months after expiration of the discovery deadline. To the extent that Plaintiffs purport to seek additional documents in response to Interrogatory No. 4 and Requests for Production Nos. 28-31 for the 2020-21 time period rather than the stipulated 2014-19 period, Plaintiffs are not seeking supplementation under Rule 26(e). Rather, Plaintiffs are asking to re-open discovery to obtain information beyond their agreed 2014-19 period to discover information for a different, later time period (i.e., 2020-21). Judge Ashe has already denied Plaintiffs' request to re-open discovery based on the audit report. ECF No. 323.

Accordingly, for these reasons as more fully set forth herein,

IT IS ORDERED that Plaintiffs' Motion to Compel (ECF No. 337) is DENIED as stated herein.

New Orleans, Louisiana, this  14th  day of January, 2022.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[16] Given that Judge Ashe has previously denied Plaintiffs' requests to extend the discovery deadline (e.g., ECF No. 323), this Court need not address each factor of Rule 16(b)'s "good cause" analysis. *Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)); *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).