UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHERINE MUSLOW, *et al.* | CIVIL ACTION |
| VERSUS | NO. 19-11793 |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, *et al.* | SECTION M (2) |

### ORDER & REASONS

Before the Court is the motion of plaintiffs Katherine Muslow and Meredith Cunningham (together, "Plaintiffs") for review[1] of the magistrate judge's order[2] denying Plaintiffs' motion to compel discovery.[3] Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") responds in opposition.[4] Having considered the magistrate judge's order, the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I.  BACKGROUND**

This case arises out of an employment dispute. In the summer of 2019, just weeks after their employment at LSU (New Orleans) ended, Plaintiffs filed this suit asserting, *inter alia*, claims of gender discrimination and retaliation under both Title VII and the Equal Pay Act.

The discovery deadline in this case lapsed on July 9, 2021.[5] On September 21, 2021, Plaintiffs moved to extend the discovery deadline, arguing that a recent internal LSU audit

---

[1] R. Doc. 379.
[2] R. Doc. 369.
[3] R. Doc. 337.
[4] R. Doc. 411.
[5] R. Doc. 335 at 2 (citing R. Doc. 111 at 2).

warranted "reopen[ing] discovery as to the matters contained in the report" so that Plaintiffs could "fully investigate the audit report and depose the defendants and witnesses regarding same."[6]  This Court denied the motion on September 22, 2021, "except as to scheduling and conducting on or before October 14, 2021, the depositions of Elizabeth Martina, Shael Wolfson, Leslie Schiff, Caren Goldberg, and John Harman, as well as the Rule 30(b)(6) of the LSU Board (once the categories of testimony are clarified)."[7]  Shortly after, on September 28, 2021, LSU moved for a protective order, objecting to Plaintiffs' "overly broad and burdensome proposed Rule 30(b)(6) topics," and seeking to establish the final dates of Plaintiffs' employment – June/July 2019 – as the terminus of the relevant timeframe for the discovery.[8]  On October 8, 2021, the magistrate judge granted the motion for protective order in part and denied it in part (hereinafter, the "October 8, 2021 order"), allowing the timeframe for the Rule 30(b)(6) deposition topics to extend past the requested 2019 dates through 2021.[9]

On November 22, 2021, Plaintiffs filed a motion to compel LSU's responses to certain of Plaintiffs' interrogatories and requests for production[10] – the motion that is the subject of the order Plaintiffs now ask this Court to review and reverse.[11]  When Plaintiffs originally served their interrogatories and requests for production on December 16, 2020, responses were limited to the parties' stipulated timeframe of 2014 to 2019.[12]  However, in seeking to compel the production of additional information and documents, Plaintiffs argued that in light of the magistrate judge's October 8, 2021 order, LSU was required to supplement its discovery responses for a timeframe

---

[6] R. Doc. 320-1 at 3, 5.
[7] R. Doc. 323 at 1-2.
[8] R. Doc. 324-1 at 1-2.
[9] R. Docs. 335 at 10 (concluding that "allowing discovery through 2021, approximately two years after Plaintiffs' employment, is reasonable and not unduly burdensome or disproportionate"); 369 at 3.
[10] R. Doc. 337.
[11] R. Doc. 379.
[12] R. Doc. 369 at 3.

that extended through 2021.[13] On January 14, 2022, in a comprehensive and well-reasoned opinion (hereinafter, the "January 14, 2022 order"), the magistrate judge denied the motion.[14] Plaintiffs now seek review of that denial.

## II.     PENDING MOTION

In their motion for review, Plaintiffs contend that the magistrate judge erred in finding that LSU did not have an obligation to provide written responses or documentary evidence beyond the scope of the parties' previous stipulation, which limited the discovery timeframe to the period between 2014 and 2019.[15] The stipulated 2014-2019 discovery timeframe no longer applies, say Plaintiffs, because it was "superseded" by the Court's October 8, 2021 order, which allegedly extended the discovery timeframe through 2021.[16] Plaintiffs argue that because the 2014-2021 discovery timeframe now controls, LSU is required to supplement its responses to Plaintiffs' interrogatories and requests for production to include relevant information through 2021.[17] Consequently, Plaintiffs ask this Court to reverse the magistrate judge's January 14, 2022 order and enter an order compelling LSU to cure its allegedly defective or incomplete responses to Plaintiffs' interrogatories and requests for production.[18]

In opposition, LSU argues that the January 14, 2022 order "was based on several legal and factual grounds, none of which [is] clearly erroneous or contrary to law," and that the magistrate judge's October 8, 2021 order did not supersede the parties' stipulated 2014-2019 discovery timeframe.[19] "Plaintiffs' continued request[s] to re-open, extend, or re-do discovery are not in accordance with this Court's Scheduling Order, prior Court Orders denying re-opening of

---

[13] R. Doc. 337.
[14] R. Doc. 369.
[15] R. Doc. 379 at 1.
[16] R. Doc. 379-1 at 3-4.
[17] *Id.* at 1-2, 4.
[18] *Id.*
[19] R. Doc. 411 at 22-23.

discovery, or the parties' Rule 29 stipulations regarding Plaintiffs['] Written Discovery Requests," says LSU.[20] It argues that reopening discovery at this juncture, less than two months before trial, would be prejudicial. Therefore, asserts LSU, the Court must deny Plaintiffs' motion for review and uphold the magistrate judge's January 14, 2022 order.

### III.  LAW & ANALYSIS

#### A. Standard for Review of Magistrate Judge's Order

Magistrate judges are empowered to "hear and determine" certain nondispositive pretrial motions, including discovery issues. 28 U.S.C. § 636(b)(1)(A); *see also PYCA Indus., Inc. v. Harrison Co. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 n.11 (5th Cir. 1996). If a party is dissatisfied with a magistrate judge's ruling on a nondispositive motion, it may appeal to the district court. Fed. R. Civ. P. 72(a). When timely objections are raised, the district court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). The court reviews the magistrate judge's "factual findings under a clearly erroneous standard, while legal conclusions are reviewed *de novo*." *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quotations omitted). A factual "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

#### B. Analysis

In her January 14, 2022 order, the magistrate judge gave multiple grounds for denying Plaintiffs' motion to compel.[21] First, Plaintiffs failed to comply with both Rule 37(a)(1) of the Federal Rules of Civil Procedure and the magistrate judge's specific requirements as to the

---

[20] *Id.* at 23.
[21] R. Doc. 369.

4

handling and subject matter for the mandatory Rule 37 conference.[22] The magistrate judge specifically concluded that "Plaintiffs' failure to engage in a fulsome meet and confer prior to filing [the motion to compel] constitutes sufficient reason in itself to deny this motion."[23] Second, Plaintiffs' motion, which raised objections to LSU's discovery responses, was untimely, as all motions to compel discovery were required to be filed and resolved prior to the discovery deadline of July 9, 2021.[24] And third, Plaintiffs' Rule 26(e) supplementation request was improper, as (1) Plaintiffs sought information for a different timeframe (namely, 2020-2021) than the parties had agreed would govern their written discovery, rather than a supplementation of responses for the agreed-upon timeframe of 2014-2019; and (2) such a request would require reopening discovery, relief that the district court previously denied.[25] The magistrate judge also explained that, "[c]ontrary to Plaintiffs' contention [that her order examining the scope of the Rule 30(b)(6) depositions superseded the 2014-2019 discovery timeframe the parties stipulated would apply to their written discovery], this Court's October 8, 2021 Order addressing topics during the Rule 30(b)(6) deposition does not justify a late modification of the parties' stipulation regarding written discovery to re-open discovery for a new time period."[26] The magistrate judge also expressed concern that the Plaintiffs' motion to compel amounted to an end-run around this Court's September 22, 2021 refusal to reopen discovery to allow Plaintiffs to explore matters contained in the 2021 audit report.[27]

After reviewing the January 14, 2022 order and the authorities cited therein, the Court agrees with the magistrate judge's comprehensive and well-supported analysis. Each ground

---

[22] *Id.* at 5-6.
[23] *Id.* at 6.
[24] *Id.* at 6-8.
[25] *Id.* at 8-10.
[26] *Id.* at 9.
[27] *Id.* 9-10.

identified by the magistrate judge is sufficient alone to warrant the denial of Plaintiffs' motion to compel; together, they are irrefutable. In particular, this Court finds that the magistrate judge's January 14, 2022 order does not "sanction[] the coexistence of two incompatible discovery timeframes," as Plaintiffs contend.[28] There is no incompatibility between enforcing the timeframe the parties stipulated would apply to written discovery, on the one hand, and allowing Plaintiffs a broader reach in their Rule 30(b)(6) depositions, on the other.[29] In short, in their instant motion for review, Plaintiffs fail to raise any objection that was not already thoroughly addressed in the magistrate judge's order, nor do they present any authorities undermining her sound legal analysis. Therefore, the Court finds that the January 14, 2022 order is not clearly erroneous or contrary to law.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion for review (R. Doc. 379) of the magistrate judge's order (R. Doc. 369) is DENIED.

New Orleans, Louisiana, this 14th day of February, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[28] R. Doc. 379-1 at 4.
[29] In any event, if the Court were to find an incompatibility, it would be inclined to enforce the more limited timeframe with respect to all aspects of discovery, rather than the broader timeframe, since the more limited timeframe represented the parties' agreement and was in place when discovery closed.